E. F. MOORE v. THE MAYOR AND COMMISSIONERS OF FAY-
ETTEVILLE.

*Constitutional Law—Tax on National Bank Stock.*

1. The maxim that taxation and representation should go together has
   no application to individuals, but to political communities as such ;
   *therefore*, a statute empowering the authorities of a town to impose the
   same taxes, for municipal purposes, upon non-residents pursuing their
   ordinary avocations within the corporate limits as upon the inhabitants,
   with a *proviso* that non-residents so taxed shall have the right to vote
   at municipal elections, is not abrogated by a change in the state con-
   stitution which deprives the non-resident tax payer of his vote.
2. Such a statute authorizes a tax upon the shares in a national bank,
   located in the town, and held by one who conducts his ordinary busi-
   ness therein, but whose residence is in the county, outside the corpo-
   rate limits.
3. A tax to pay an existing debt, incurred in the past, is a tax "for mu-
   nicipal purposes" within the meaning of the statute.

(*Buie* v *Com'rs*, 79 N. C., 267, cited and approved.)

MOTION for an Injunction, heard at Chambers, on the
16th of December, 1878, before *Buxton, J.*

The plaintiff resides near to and outside the corporate
limits of the town of Fayetteville, but conducts and carries
on his business as a merchant within the town. He is pres-
ident of the People's National Bank, also located in the
town, and owns two hundred and five shares of its capital
stock, on which the corporate authorities have levied and
are attempting to collect an *ad valorem* tax, such as is assessed
upon similar property possessed by resident owners. This
action involves the legality of the assessment, and the
plaintiff's liability to pay the tax on his stock. His Honor
refused the motion to enjoin defendants and the plaintiff
appealed.

*Mr. B. Fuller*, for plaintiff.
*Mr. N. W. Ray*, for defendants.

SMITH, C. J. (After stating the case.) By an act of the general assembly amendatory of the act of incorporation, and ratified May 20th, 1864, § 4, it is declared that the mayor and commissioners of Fayetteville are hereby empowered to impose the same taxes, for municipal purposes, upon all persons whose *ordinary avocations are pursued within the corporate limits* of the town, although *resident beyond the corporate limits,* in like manner and to the same extent, as upon persons resident within the corporate limits; *provided,* that non-residents thus taxed shall have the right to vote at municipal elections.

In *Buie* v. *Commissioners of Fayetteville,* 79 N. C., 267, it is decided that shares of stock in national banks, held by persons residing in the state, are subject to taxation in the county of the owner's residence, as part of his personal estate, and not elsewhere, for state and county purposes. The present case presents the question whether such stock, owned by one whose residence is just outside but whose business is within the corporate limits, may be taxed for municipal purposes in like manner as if his residence was also in the town. As the place and manner as well as extent of taxation of its citizens are regulated by the laws of the state, the solution of the question must be found in the proper interpretation to be put upon the clause of the amended charter, and, in our opinion, is free from all reasonable doubt. The words are direct and positive, that such property as is held by the plaintiff shall be subject to the burden of municipal taxation. The intention and the effect of the act are to make such a person for purposes of taxation an actual resident of the town. We have said in the case referred to, that resident stockholders in national banks might be taxed where the legislature directed, and they are here subjected to municipal assessment in the town. In this respect the plaintiff is made to share in the burdens, as

he does in the advantages of a town residence, and we see no reason why he should not.

It is contended, however, that the proviso conferring the right to vote and participate in the management of municipal affairs, has been superseded and annulled by the constitution of 1868, and that this political privilege is so associated with the liability that the repeal of the one is the extinguishment of the other. We do not so construe the section. The electoral right is conferred on such as may constitutionally exercise it, but is not an inseparable condition of taxation. Persons under age, and women in the situation of the plaintiff, may be assessed and yet they cannot vote. If further restrictions are imposed by the organic law upon the electoral franchise, reducing it within narrower bounds or withdrawing it altogether, if such be the effect of the constitution, from the class to which the plaintiff belongs, this does not annul the authority to impose the tax. There is no such necessary connection between the liability created in the body of the section, and the privilege conferred in the attached proviso, that the former may not remain without the latter. If the constitution denies to the plaintiff the right to vote for officers of the town government for want of actual residence within its boundaries, he shares in other municipal privileges and is not exempt from the common burden by which these privileges are secured to himself and others.

It was suggested in the argument that the tax is levied as well to pay the corporate debt as to provide for the current expenses of the town government, and the first are not " for municipal purposes" within the meaning of the act. It is quite as much the duty of the authorities, in exercising the power of taxation, to provide for an existing legal obligation as for the expenses of governing the town and managing its affairs, and both are " for municipal purposes." The words are broad and comprehensive, looking to every

legitimate use to which the moneys levied can be properly applied. The maxim invoked in aid of the argument that taxation and representation go together, has no application to individuals, but to political communities as such. Otherwise non-residents would escape all taxes whatever.

No error. Affirmed.