THE BOARD OF COMMISSIONERS OF WINSTON v. W. B. and J. P. TAYLOR.

*Municipal Corporations—Taxation—Penalty—Ordinance.*

1. Municipal corporations can impose no taxes except such as are authorized by their charters.

2. The charter of the town of Winston authorizes the imposition of privilege or license taxes upon trades, &c.

3. One who, in the prosecution of his business as a tobacco manufacturer, buys leaf tobacco in the town of Winston to be manufactured in a place without the town, is liable to the penalty imposed by the corporation for refusal to pay the tax upon the occupation of dealer in leaf tobacco, though he may be a non-resident.

This action was originally commenced before the Mayor of the town of Winston by a warrant issued upon complaint against the defendants for violating an ordinance of the town relating to taxes, and carried by appeal to the Superior Court of FORSYTH County, wherein it was tried before *McRae, J.,* at October Term, 1886.

Upon the trial, and upon the plea of not guilty, the jury returned a special verdict in these words:

" The defendants compose the firm of W. B. Taylor & Bro., who are, and were, at the time the warrant was issued, tobacco manufacturers, living and having their place of business in the town of Salem, N. C., where they were engaged in the manufacture of plug tobacco. They were not dealers in leaf tobacco, but made a business of purchasing their stock of leaf on the floors of the tobacco warehouses in the town of Winston, and carrying the same on drays to their factory in Salem. They attended the auction sales of leaf tobacco regularly, for the purpose above indicated. That there are leaf dealers in Winston, whose business is to buy and sell leaf.

" The defendants denied the right of the town authorities to collect the special license tax imposed, as claimed by the authority of the town, and demanded by the tax collector, and upon their refusal, the warrant in the case was issued against them for the penalty imposed, for failure to take out license to purchase tobacco, as above set forth. The jury further find that the defendants, without paying the special license tax and obtaining a license, regularly purchased leaf tobacco for their factory in Salem, upon the warehouse floors in Winston, as above set forth. If the Court should

be of the opinion, from the foregoing finding, that the defendants are guilty, then the jury find them guilty; but should the Court be of the opinion, from the forgoing facts that the defendants are not guilty, then the jury find them not guilty."

The plaintiff claimed authority to collect the license taxes out of the defendants, and the penalty for failure to pay under the charter and amendments thereto, and the ordinances passed thereunder.

His Honor, being of opinion that the defendants were liable, gave judgment upon the verdict against them, from which the defendants appealed.

By an amendment to the charter of the town of Winston— Chapter 31, Private Acts, 1885—it is, among other things, enacted: "That the Commissioners of the town of Winston, in addition to the powers of taxation already granted in the charter of said town, shall be and are hereby empowered to levy and collect annually a privilege or license tax on all trades, professions, agencies, business operations, exhibitions and manufactories in said town."

By an ordinance adopted by the Commissioners June 6th, 1885, there was imposed a tax of " $10 upon every leaf dealer buying annually less than 100,000 pounds, and $5.00 for every additional 100,000 pounds bought, or fractional part thereof."

At a meeting held by the Commissioners August 17th, 1885, as a substitute for the above it was declared "that a tax of $2.50 be levied upon every person buying or offering to buy leaf tobacco and scraps, provided that a tax of $5.00 be laid upon every person buying more than 50,000 pounds and less than 100,000 pounds, and that a tax of $5.00 be laid upon every additional 100,000 pounds, or fractional part thereof bought by such person."

It was also provided that "any persons violating any of the provisions of Ordinance 4 or 6, under the head of taxes,.

shall forfeit and pay for each offence a sum equal to double the amount of the license therein contained."

The tax complained of is imposed under Ordinance 6, as amended August 17th, 1885.

*Mr. R. B. Glenn,* for the plaintiff.
*Mr. J. C. Buxton,* for the defendant.

DAVIS, J., (after stating the case). We think there can be no doubt as to the validity of the provision in the charter of the town of Winston which authorizes the Commissioners " to levy and collect annually a privilege or license tax on all trades," &c., mentioned in the charter. *Wilmington* v. *Macks,* 86 N. C., 88; *Holland* v. *Isler,* 77 N. C., 1.

It is also clear that the authorities of the town can impose no taxes except as authorized by its charter. *Commissioners* v. *Means,* 7 Ired., 406; *Pullen* v. *Commissioners,* 68 N. C., 451; *State* v. *Bean,* 91 N. C., 554.

The counsel for the defendants insists that they are not buyers or dealers in leaf tobacco within the meaning of the ordinance ; that they only purchase their stock of tobacco on the floors of the warehouses in Winston to be used in their factory in Salem, and not being residents of Winston they cannot be taxed there. The question is purely one of construction, and we think the case of *Moore* v. *Commissioners of Fayetteville,* 80 N. C., 154, cited by counsel for defendants to distinguish it from this case, is authority for the position that the trade, profession, business operations, &c., of non-residents, carried on in the town, may be taxed for municipal purposes, if authorized by its charter and ordinances.

In that case the plaintiffs resided outside of the corporate limits of the town of Fayetteville, but carried on his business as a merchant in the town. He owned bank stock in a bank located in the town, on which the corporate authorities attempted to collect a tax such as was assessed upon similar property possessed by residents.

In that case the Chief Justice, after citing *Buie* v. *Commissioners of Fayetteville*, 79 N. C., 267, in which it was held that shares of stock in National Banks, held by persons residing in the State, are subject to taxation in the county of the owner's residence as part of his personal estate, and not elsewhere for State and County purposes, says "the present case presents the case whether such stock owned by one whose residence is just outside, but whose business is within the corporate limits, may be taxed for municipal purposes in like manner as if his residence was also in the town. As the place and manner as well as extent of taxation of its citizens are regulated by the laws of the State, the solution of the question must be found in the proper interpretation to be put upon the clause of the amended charter, and in our opinion is free from all reasonable doubt. The words are direct and positive, that such property as is held by the plaintiff shall be subject to the burden of municipal taxation." So here the law which authorizes "a privilege or license tax" "on trades, professions, agencies, business operations," &c., in the town of Winston, is direct and positive. And why should it not be so?

A non-resident doing business in the town has his business protected and enjoys all the advantages and benefits of police and other regulations that resident business men have, and should be content if the law allows no discrimination against him.

If a livery man or drayman resident in Greensboro should send his omnibus and hacks or drays into the town of Winston and claim and be allowed the privilege of doing business there without payment of taxes, because he was a non-resident, it would be deemed a very unjust discrimination by the resident livery men and draymen.

We see no error in the ruling of the Court below.

Affirmed.