*H. L. HALL, Administrator of D. M. McDONALD v. THE CITY OF
· FAYETTEVILLE.

*Taxation—Non Residents—Situs—Fiduciary Funds—Remedy
Against Illegal Tax.*

1. Though generally personal property is taxable at the domicile of the
   owner, the Legislature may, in the absence of constitutional restric-
   tions, subject bank stock, money or solvent credits to taxation
   either at the domicile of the owner, the constructive *situs*, or at
   the place where the property is actually situated.

2. The charter of a town authorizing the taxation of the property of non-
   residents " doing business within the limits " of the town, " upon
   their respective avocations and business, stock in trade, *solvent
   credits*, growing out of their business located as above, just as
   though they were actual residents," does not subject to taxation
   money held by a non-resident administrator of a decedent who
   died in the town, although the administrator has an office in the
   town.

3. An injunction will not lie to restrain the collection of an invalid or
   excessive tax; to obtain relief, one must pay the tax and pursue
   the remedy given by section 84, chapter 137, Acts of 1887.

Controversy without action, heard before *Bryan, J.,* at
_____ Term, 1894, of CUMBERLAND Superior Court, upon
facts agreed as follows:

" 1. That H. L. Hall is and was on the 1st day of June,
1892, administrator of D. M. McDonald, and as such had in
his hands $5,172 on June 1st, 1892, the same being deposited
in the Bank of Fayetteville, Fayetteville, N. C.

" 2. That H. L. Hall is and was, on the 1st day of June,
1892, a resident of Black River township, and held and now
holds the office of Register of Deeds of Cumberland County,
with office at Fayetteville, N. C., and as such Register of
Deeds spends a large part of his time in Fayetteville.

" 3. That D. M. McDonald resided and died in Fayetteville,
and his family have since his death resided there.

---

*MACRAE, J., did not sit on the hearing of this case.

" 4. That H. L. Hall, administrator,. listed the said $5,172 for taxation for State and county purposes only in Black River township, and the list-taker for Fayetteville put the same on the tax books for Fayetteville for municipal taxation.

" 5. That S. W. Tillinghast is tax collector for Fayetteville, and also for the City of Fayetteville, and as collector for Fayetteville has levied on the funds of the said H. L. Hall, administrator, to the amount of $51.72, the same being tax claimed by Fayetteville for the year 1892, at the rate of one per cent. on the said sum of $5,172.

" 6. That as a part of this ' case agreed,' all private acts of the General Assembly in any way affecting ' Fayetteville,' or ' The City of Fayetteville,' are hereby made a part of said case.

" 7. That this ' case agreed " is adopted and agreed upon by the parties plaintiff and defendant as a substitute for and in lieu of an application for a restraining order or injunction against the defendant."

The contentions of the parties being as follows. The plaintiff contends—

" 1. That the defendants have no legal right to collect the said $51.72 as municipal taxes for ' The City of Fayetteville,' or ' Fayetteville.'

" 2. That the injunction against the defendant should be granted."

The defendants contend—

" 1. That the said $5,172 was properly listed for the purposes of municipal taxation in Fayetteville, and the plaintiff is legally liable for the said tax.

" 2. That no injunction should be granted against the defendants."

His Honor being of the opinion that the plaintiff was not entitled to a restraining order, adjudged that the plaintiff tiff was liable for the tax, and that the defendant recover the amount of $51.72 and the costs of this controversy.

From the foregoing judgment the plaintiff appealed.

*Mr. Samuel H. MacRae*, for plaintiff (appellant).
*Mr. H. McD. Robinson*, for defendant.

AVERY, J.: As a general rule, personal property is taxable at the domicile of the owner, *mobilia sequantur personam* being usually the governing maxim. 25 Am. and Eng. Enc., p. 133; Cooley on Taxation, 322–369. The Legislature, in the absence of constitutional restrictions upon its powers, is authorized to regulate taxation by imposing its burdens upon bank stock, money or solvent credits either at the domicile of the owner, which is the constructive *situs*, or where such property is actually situated. *Moore* v. *Commissioners*, 80 N. C., 154; *Winston* v. *Taylor*, 99 N. C., 210; 25 Am. and Eng. Enc., 138. · For the purpose of fixing the locality in which personal property is liable to taxation the holder of the legal title thereto is deemed the owner. 25 Am. and Eng. Enc., 120. Hence, unless the statute cited in express terms subjects the money held by the administrator Hall in his fiduciary capacity at the place where it is actually deposited, or where the decedent resided, it is liable only at the place of his residence in Black River township.

The material provisions of the statute which came before the Court for construction in *Moore* v. *Commissioners, supra*, remain unaltered. Private Laws 1883, chap. 112, sec. 6; Private Laws 1885, p. 975; Private Laws 1893, chap. 153, secs. 1 and 54. The Act of 1885 applies by its express terms only to non-residents " doing business within the limits " of the city, "upon their respective avocations and business, their stock in trade, bank stock, *solvent credits*, growing out of their business located as above, just as though they were actual residents." The statute cannot be construed as applying to money held by the defendant in the capacity of the administrator of the decedent McDonald, either because he was at

the time of his death a resident of the city of Fayetteville, or because as Register of Deeds the defendant had an office in the city. Money held by him in his fiduciary capacity was not within the meaning and intent of the law subjecting his own property, even if we concede that the language of the act is broad enough to include money held by him in his individual right.

It was admitted by counsel for the plaintiff, that the plaintiff was not entitled to a restraining order, but must pursue the remedy prescribed by statute. *Railroad* v. *Reidsville*, 109 N. C., 494; Laws 1887, ch. 137, sec. 84. We have, however, passed upon the question discussed by counsel, because it seemed to be important that it should be settled. The plaintiff may still pay the tax and pursue his remedy before a Justice of the Peace, if he has not already paid it. There is no error.