*1545 The opinion of the court was delivered by
Watkins, J.
This suit relates to the assessment of relator’s property for the year 1893, and is quite similar to the suit of same title bearing the docket number 11,659, and this day decided in favor of the respondent Board of Assessors.
The relator seeks the cancellation of its assessment, which is composed of the following items, viz.:
1. Premiums in course of collection.
2. Bills receivable.
3. Bonds of the State of Georgia.
4. Certain shares of the Standard Guano and Chemical Company and National Acid Company.
In so far as the first and fourth are concerned, nothing need be said, for the course of reasoning and decision in suit No. 11,659 are strictly applicable and must control our decision in this suit pro tanto.
In so far as the bills receivable are concerned, no proof was administered to demonstrate their exemption from taxation, and there is nothing otherwise to show that relator is entitled^to the alleged exemption.
With regard to the Georgia State bonds, it appears that they aggregate twenty-eight thousand three hundred and fifty doilars in amount, are the property of relator, and are on deposit with the treasurer of that State.
The rule established in Liverpool and London and Globǝ Insurance Company (44 An. 760) is that credits due to a non-resident were assessable and taxable at the domicile of the owner; but that decision made an exception in favor of tangible assets and other personal property, and held that same were assessable at their actual situs.
But it has never been decided that tangible personal property could not be assessed at the owner’s domicile, notwithstanding its actual situs was abroad, in some other State or country.
State tax on foreign held bonds (15 Wallace, 300) is not to the contrary; for in that ease the court say: “ It is undoubtedly true that the actual situs of personal property which has a visible existence, and not the domicile of the owner, will, in many cases, determine the State in which it may be taxed. The same is true of public securities consisting of State and municipal bonds and circulating notes of banks. These by general usage have acquired the character *1546 of and are treated as property'in the place where they are found, though removed from the domicile of the owner.”
But that decision and others of like character only apply to bonds and other circulating notes which are operated in market and are bought and sold.
This is the exact illustration that is given by Mr. Burroughs, for he says that when a person who resides in one State has an agent in another State who loans, or invests money for him on notes or other evidences of debt, and then reinvests the proceeds of the loans in the same State, such notes or evidences of debt are taxable in the latter*>3Í'áte. Burroughs on Taxation, p. 60.
But such is not the situation of the bonds of the relator. They are owned by the insurance company, but they are not in circula - tion. They were doubtless purchased and placed on deposit in the treasury of the Státe of Georgia, as an indemnity to secure the fulfilment of the company’s risks in that State. These are taxable assets here.
The judgment must be amended so as to reject relator’s demand in toto. It is therefore ordered and decreed that the judgment appealed from be so amended as to reject relator’s demand in toto at his costs.
Mr. Justice Breaux dissents in this case for the reasons stated at length by him in State ex rel. Mechanics and Traders Insurance Company vs. Board of Assessors, No. 11,659, recently decided. Ante., page 1509.