## WESTERN ASSUR. CO. OF TORONTO v. HALLIDAY et al.

(Circuit Court, S. D. Ohio, E. D.    January 9, 1903.)

### No. 974.

1. TAXATION—OHIO STATUTE—BONDS DEPOSITED BY FOREIGN INSURANCE COMPANY.

Rev. St. Ohio 1890, § 2731, which provides that "all property, whether real or personal, in this state, * * * and all moneys, credits, investments in bonds, stocks or otherwise of persons residing in this state, shall be subject to taxation," when construed in connection with the related sections, which define investments in bonds as including all moneys in bonds "held by persons residing in this state, whether for themselves or others," and which require the listing of property held by trustees or agents for others, subjects to taxation municipal bonds deposited by a foreign insurance company with the State Superintendent of Insurance for the security of Ohio policy holders, as required by section 3660 of the same statute. and when not returned by either the company or the Superintendent of Insurance may properly be listed by the auditor of the county in which they are held.

2. SAME—TAXATION OF OMITTED PROPERTY—CONSTRUCTION OF STATUTE.

Bates' Ann. St. Ohio, § 2781a, providing for the listing for taxation by the county auditor for previous years of property which was omitted in such years, and the collection of the taxes thereon by the treasurer, was intended to apply only to property which was properly taxable in such years, but which was not returned, or properly returned, for taxation thereon, and is constitutional.

3. SAME—FOREIGN INSURANCE COMPANIES—TAX ON PREMIUMS.

The tax required by Rev. St. Ohio 1890, § 2745, to be paid by foreign insurance companies doing business in the state, based on their premium receipts therein, is a tax on the franchise or business, as distinguished from one on property, and does not affect the right of the state to tax any property of the company having its situs in the state for purposes of taxation.

In Equity. On demurrer to the second amended bill.

J. H. Cabell, for complainant.

Ross & Davis and E. L. Taylor, Jr., for respondents.

THOMPSON, District Judge. The complainant is a foreign fire insurance company doing business in Ohio. As a condition upon which it is permitted to do business in Ohio, and in compliance with the provisions of section 3660 of the Revised Statutes of 1890 of Ohio, it deposited, and has now and during the years 1895, 1896, 1897, 1898, 1899, and 1900 had on deposit with the Superintendent of Insurance of Ohio,

¶ 3. See Taxation, vol. 45, Cent. Dig. § 108.

bonds of the par value of $100,000, one half of which were issued and sold by the city of Columbus, Ohio, and the other half were issued and sold by the city of Toledo, Ohio. The defendant William H. Halliday is auditor of Franklin county, Ohio, and the defendant Nelson A. Sims is the treasurer of said county. Halliday, as such auditor, claiming to act in pursuance of the laws of Ohio, and upon the ground that the above-mentioned bonds are taxable property within the state, has assessed them for taxation in Franklin county, Ohio, for the years 1895, 1896, 1897, 1898, 1899, and 1900, and has levied taxes thereon for said years, aggregating the sum of $16,350, which has been certified to Sims, as such treasurer, for collection, and which Sims, as such treasurer, will proceed to collect unless restrained by the decree of this court.

Taxable property is described and defined by section 2731 of the Revised Statutes of 1890 of Ohio, as follows:

"Sec. 2731. All property whether real or personal in this state, and whether belonging to individuals or corporations; and all moneys, credits, investments in bonds, stocks, or otherwise, of persons residing in this state, shall be subject to taxation, except only such as may be expressly exempted therefrom; and such property, moneys, credits, and investments shall be entered on the list of taxable property as prescribed in this title; all tracts of land set apart for school or ministerial purposes, and sold by and under authority of law, and all lands which shall be hereafter sold by the United States, shall be subject to taxation as other lands in this state immediately after such sale; but school or ministerial lands shall not be sold for taxes until the purchase money therefor shall be fully paid, but shall be returned as delinquent, and continue on the duplicate, with the taxes of each year charged thereon, and added to the tax and penalty due when the same became delinquent, until payment be made by the purchaser or his assigns, of such purchase money, with the tax and penalty, or the lands resold by the county auditor, pursuant to the laws now or hereafter in force for the sale of such lands. [56 v. 175, § 1; 71 v. 96, § 78; S. & C. 1438 (S. & S. 757).]"

For the purposes of taxation personal property and investments in bonds are defined by section 2730 of the Revised Statutes of 1890 of Ohio, as follows:

"The term 'investments in bonds' shall be held to mean and include all moneys in bonds, or certificates of indebtedness, or other evidences of indebtedness of whatever kind, whether issued by incorporated or unincorporated companies, towns, cities, villages, townships, counties, states, or other incorporations, or by the United States, held by persons residing in this state, whether for themselves or others. * * * The term 'personal property' shall be held to mean and include, first, every tangible thing being the subject of ownership whether animate or inanimate, other than money, and not forming part of any parcel of real property, as hereinbefore defined; second, the capital stock, undivided profits, and all other means not forming part of the capital stock of every company, whether incorporated or unincorporated, and every share, portion or interest in such stock, profits, or means, by whatsoever name the same may be designated, inclusive of every share or portion, right, or interest, either legal or equitable, in and to every ship, vessel, or boat, of whatsoever name or description, used or designed to be used either exclusively or partially in navigating any of the waters within or bordering on this state, whether such ship, vessel, or boat shall be within the jurisdiction of this state or elsewhere, and whether the same shall have been enrolled, registered, or licensed at any collector's office, or within any collection district in this state or not; third, the money loaned on pledge or mortgage of real estate, although a deed or other instrument may have been given for the same, if between the parties the same is considered as security merely. * * *"

And the general rule as to who shall list and how they shall list personal property for taxation is prescribed by sections 2734 and 2735 of the Revised Statutes of 1890 of Ohio as follows:

"Sec. 2734. Every person of full age and sound mind shall list the personal property of which he is the owner, and all moneys in his possession, all moneys invested, loaned or otherwise controlled by him as agent or attorney, or on account of any other person or persons, company or corporation whatsoever, and all moneys deposited subject to his order, check, or draft, and all credits due or owing from any person or persons, body corporate or politic, whether in or out of such county; all money loaned on pledge or mortgage of real estate, although a deed or other instrument may have been given for the same, if between the parties the same is considered as security merely; the property of every ward shall be listed by his guardian, of every minor child, idiot, or lunatic having no guardian, by his father, if living; if not, by his mother, if living; and if neither father nor mother be living, by the person having such property in charge; of every wife by her husband, if of sound mind, if not, by herself; of every person for whose benefit property is held in trust, by the trustees; of every estate of a deceased person, by his executor or administrator; of corporations whose assets are in the hands of receivers, by such receivers; of every company, firm or corporation, by the president or principal accounting officer, partner or agent thereof; and all surplus or undivided profits held by any society for savings or bank having no capital stock, by the president or principal accounting officer. [62 v. 105, § 4; 75 v. 441, § 1; 76 v. 28, § 2; S. & S. 756 (S. & C. 1441).]

"Sec. 2735. Every person required to list property on behalf of others shall list the same in the same township, city, or village, in which he would be required to list it if such property were his own; but he shall list it separately from his own, specifying in each case the name of the person, estate, company, or corporation, to whom it belongs; all merchants and manufacturers' stock, and all personal property upon farms shall be listed in the township, city, or village, in which the same may be situated; and all other personal property, moneys, credits, and investments, except as otherwise specially provided, shall be listed in the township, city, or village in which the person to be charged with taxes thereon may reside at the time of the listing thereof, if such person reside within the county where the same are listed, and if not, then in the township, city or village where the property is when listed. [62 v. 105, § 4; S. & S. 756.]"

Section 2746 further provides:

"Personal property of every description, moneys and credits, investments in bonds, stocks, joint stock companies, or otherwise, shall be listed in the name of the person who was the owner thereof on the day preceding the second Monday of April in each year; but no person shall be required to list for taxation any share or shares of the capital stock of any company, the capital stock of which is taxed in the name of such company."

How certain corporations shall list their property is directed by section 2744 of the Revised Statutes of Ohio as follows:

"Sec. 2744. The president, secretary, and principal accounting officer of every canal or slackwater navigation, company, turnpike company, plank-road company, bridge company, insurance company, telegraph company, or other joint stock company, except banking or other corporations whose taxation is specifically provided for, for whatever purpose they may have been created, whether incorporated by any law of this state or not, shall list for taxation, verified by the oath of the person so listing, all the personal property, which shall be held to include all such real estate as is necessary to the daily operations of the company, moneys and credits of such company or corporation within the state, at the actual value in money, in manner following: In all cases return shall be made to the several auditors of the respective counties where such property may be situated, together with a statement of the amount

of said property which is situated in each township, village, city, or ward therein. The value of all movable property shall be added to the stationary and fixed property and real estate, and apportioned to such wards, cities, villages or townships, pro rata, in proportion to the value of the real estate and fixed in said ward, village, city or township. It shall be the duty of the accounting officer aforesaid to make return to the auditor of state during the month of May of each year of the aggregate amount of all property by him returned to the several auditors of the respective counties in which the same may be located. It shall be the duty of the auditor of each county, on or before the first Monday of May annually, to furnish the aforesaid president, secretary, principal accounting officer, or agent, the necessary blanks for the purpose of making aforesaid returns; but no neglect or failure on the part of the county auditor to furnish such blanks shall excuse any such president, secretary, principal accountant, or agent, from making the returns within the time specified herein. If the county auditor to whom returns are made is of the opinion that false or incorrect valuations have been made, or that the property of the corporation or association has not been listed at its full value, or that it has not been listed in the location where the property belongs, or in cases where no return has been made to the county auditor, he is hereby required to proceed to have the same valued and assessed; provided, that nothing in this section shall be so construed as to tax any stock or interest in any joint stock company held by the state. [73 v. 139, § 16; (S. & C. 1446).]"

And a special method of taxing foreign insurance companies is provided by section 2745 of the Revised Statutes of 1890 of Ohio, as follows:

"Sec. 2745. Every agency of an insurance company incorporated by the authority of any other state or government, shall return, to the auditor of each county in which such company does business, or from which it collects premiums on or before the first day of May, annually, the amount of the gross premium receipts of such agency for the previous calendar year in such counties: provided, however, that in the case of regular companies, wherein policy holders participate in the surplus and earnings of the company, dividends or surplus from previous payments allowed and used in the payment of current premiums, cancellation or surrender values, and commission paid to the citizens of this state, during the same period for which receipts are reported, shall be deducted from such gross receipts, and the net amount after such deductions shall be the basis of taxation for such companies in the counties, which shall be entered upon the tax list of the proper county, and be subject to the same rate of taxation, for all purposes, that other personal property is subject to at the place where located; and the whole of said tax shall be due and payable on the twentieth day of November next ensuing. And it shall be the duty of the superintendent of insurance, in the month of December, annually, to charge and collect from all such companies such a sum as, added to the sum paid to the county treasuries, will produce an amount equal to two and one-half per cent. on the gross premium receipts of such companies, as shown by their annual statements, under oath, to the insurance department: provided, however, that if by the laws of any other state, territory or nation, a larger tax than two and one-half per cent. on such gross premium receipts is charged companies organized under the laws of Ohio, then the superintendent of insurance shall charge a like tax upon companies from such state, territory, or nation doing business in this state. If any such company refuse to pay said tax, after demand therefor has been made, or if it shall make any false statement of its gross premium receipts, the superintendent of insurance shall revoke the license of such company to do business in this state. If, at any time, said superintendent has reason to suspect the correctness of the return made of the gross premium receipts of any such company he may, at the expense of the state make an examination of the books of such company, or of its agents, for the purpose of verifying the same. All taxes collected under the provisions of this section by the superintendent of insurance shall be paid by him, upon the warrant of the auditor, into the general revenue

127 F.—53

fund of the state.  [91 v. 91; 90 v. 201; 86 v. 274; 85 v. 183; R. S. of 1880; 73 v. 139, § 16.]"

The complainant claims:  (1) That the bonds in question are neither personal property within the state, nor do they represent investments in bonds of a person residing in the state, within the meaning of sections 2730 and 2731.  (2) Nor is there any valid law authorizing the listing of these bonds, or the levy and collection of taxes thereon.  (3) That foreign insurance companies are excepted from the operations of section 2744, and that the only method for taxing such companies is that provided by section 2745.  (4) That complainant has in all respects complied with the requirements of section 2745, and has paid all taxes levied against it thereunder for the years mentioned.

The defendants deny the first two propositions, and contend that the tax provided by section 2745 is not a tax on property, but a franchise tax to be levied in addition to the property tax which should be levied under section 2731.

1. It is a physical fact that these bonds are within the state.  They are payable to the bearer, and the legal title is evidenced by possession, and the property right which they represent passes by delivery. They have a market value, and are bought and sold in the market, and have so many of the characteristics of tangible personal property that ordinarily they would have a situs, for the purposes of taxation, independent of the domicile of the complainant, their beneficial owner. State Tax on Foreign Held Bonds Case, 15 Wall. 300, 21 L. Ed. 179; State v. Board of Assessors, 47 La. Ann. 1545, 1546, 18 South. 519; Walker v. Jack, 88 Fed. 578, 31 C. C. A. 462.  They are held, however, by the Superintendent of Insurance, a person residing in this state, in trust for the benefit and security of the policy holders of the insurance company.  They are deposited with the Superintendent of Insurance in compliance with the requirements of section 3660 of the Ohio Revised Statutes, which provides as follows:

"Sec. 3660. A company incorporated by or organized under the laws of a foreign government shall deposit with the superintendent of insurance, for the benefit and security of the policy-holders residing in this state, a sum not less than one hundred thousand dollars in stock or bonds of the United States, or the state of Ohio or any municipality or county thereof, which shall not be received by the superintendent at a rate above their par value; the stock and securities so deposited may be exchanged from time to time for other like securities; so long as the company so depositing continues solvent and complies with the laws of this state, it shall be permitted by the superintendent to collect the interest or dividends on such deposits; and for the purpose of this chapter the capital of any foreign company doing fire insurance business in this state shall be deemed to be the aggregate value of its deposits with the insurance or other departments of this state and of the other states of the United States, for the benefit of the policy-holders in this state or in the United States, and its assets and investments in the United States certified according to the provisions of this chapter; but such assets and investments must be held within the United States, and invested in and held by trustees, who must be citizens of the United States, appointed by the board of directors of the company and approved by the insurance commissioner of the state where invested, for the benefit of the policy-holders and creditors in the United States; and the trustees so chosen may take, hold and convey real and personal property for the purpose of the trust, subject to the same restrictions as companies of this state."

And with reference to domestic fire insurance companies, sections 3634, 3637, and 3640 of said statutes, among other things, provide that:

"No joint stock fire insurance company * * * shall be incorporated under this chapter with a smaller capital than $100,000." (3634.)

"No company * * * shall invest its capital, or any part thereof, otherwise than in (1) United States bonds: (2) Ohio state bonds: (3) bonds of a county, township, or municipal corporation in this state, issued in conformity with law; (4) bonds and mortgages on unincumbered real estate within this state, worth fifty per cent. more than the sum loaned thereon, exclusive of buildings; (5) the stock of any national bank located in this state; * * * (6) first mortgage bonds of railroads within this state upon which default in the payment of interest coupons has not been made within three years previous to the purchase thereof." (3637.)

"When a company notifies the Superintendent of Insurance that the proceedings required by the preceding sections have been had, he shall make an examination of the condition of the company and if he find that the capital required of the company has been paid in and is possessed by it in money, or in such stocks, bonds, and mortgages as are required by this chapter he shall so certify, * * *" and "shall thereupon deliver to such company a certified copy thereof, which, on being placed on record in the office of the recorder of the county wherein the company is to be located * * * shall be its authority to commence business and issue policies." (3640.)

It will be seen that these laws require that fire insurance companies, whether domestic or foreign, shall have a capital stock of not less than $100,000, which shall be invested in bonds, etc., and held for the protection and security of the policy holders. They are not permitted to do business until they provide this fund to meet losses. Foreign insurance companies are required to deposit their bonds, etc., with the Superintendent of Insurance; but as long as they continue solvent, and comply with the laws of the state, they may collect the interest and dividends thereon, and may exchange the bonds from time to time for other securities. By the deposit of these bonds the insurance company pledges them for the payment of losses incurred by policy holders, and their negotiable character enables them to be readily disposed of for that purpose. Their negotiability, therefore, is not suspended or destroyed, but is always available for the purpose of their deposit. Every element of value in the bonds is employed not only to enable the company to comply with the law permitting it to do business, but to meet the exigencies of that business. The property rights of the insurance company in these bonds to the fullest extent are transferred to and vested in the Superintendent of Insurance, in trust for its policy holders, and may be used by him for the purposes of the trust. Falkenbach v. Patterson, 43 Ohio St. 356, 1 N. E. 757; State v. Matthews, 64 Ohio St. 419, 60 N. E. 605. These bonds, as shown by sections 3660 and 3661 of the Revised Statutes, are deemed to be a part of the capital stock of the insurance company. The insurance company, through its agents and representatives, is carrying on business in this state, and this deposit, in part at least, furnishes the capital and basis of credit for that business. It is capital employed in carrying on business in this state in the same sense that the capital of the domestic fire insurance company is employed in carrying on business when it is invested in bonds, etc., as required by section 3634. The law requires that the capital stock be invested in bonds, and these bonds are an investment of the insurance company used for that purpose, but they do not fol-

low the company, and attach themselves to its domicile, because they are beyond its control and subject to the control of the Superintendent of Insurance for the purposes stated, and attach themselves to his domicile, so that for the purposes of taxation they may be regarded either as capital stock within the state of a company doing business within the state, or as an investment in bonds held for another by a person residing within the state. The bonds in which the capital of domestic fire insurance companies is invested are taxed under the provisions of section 2744. In giving construction to this section the Supreme Court of Ohio in Jones v. Davis, 35 Ohio St. 477, say:

"For the purposes of taxation the capital stock is represented by whatever it is invested in. Personal property, by the express wording of the statute, is made to include the capital stock of a corporation; and the provision above referred to requires all corporations doing business in this state, except banking and others whose taxation is specifically provided for, to list all their personal property, including in the return thereof all such real estate as is necessary to the daily operation of their business, together with their moneys and credits of every description within the state. That the Legislature intended by this description of property to embrace the capital stock of the company is too obvious to be misunderstood. No other meaning can be drawn from the language employed, and no other construction is better calculated to do justice."

And in Hubbard v. Brush, 61 Ohio St. 252, 55 N. E. 829, the Supreme Court of Ohio held that:

"Choses in action, whether book accounts, promissory notes, or the like, of foreign corporations that are kept in this state and arise out of the corporate business transacted here, are subject to taxation under the provisions of section 2744, Rev. St."

And the judge delivering the opinion of the court says:

"Where foreign corporations voluntarily bring their property and business into this state to avail themselves of advantages found here which they believe will enhance the probabilities that the business they intend to pursue will be profitable, they should not be heard to complain of laws which tax them as domestic corporations are taxed by the state. We hold, therefore, that the provisions of section 2744 which make it the duty of foreign corporations to list for taxation in this state their choses in action where they are held within this state and grow out of the business they conduct herein, is a valid exercise of the taxing powers vested in the state."

These bonds therefore being within the state as an investment of that part of the capital of the insurance company employed in carrying on business here, are made subject to taxation by the Constitution of the state, which provides that "laws shall be passed, taxing by a uniform rule, all moneys, credits, investments in bonds, stocks, joint stock companies, or otherwise; and also all real and personal property according to its true value in money"; and by section 2731 of the Revised Statutes of 1890 of the state, which provides that "all property whether real or personal in this state, and whether belonging to individuals or corporations; and all moneys, credits, investments in bonds, stocks, or otherwise of persons residing in this state, shall be subject to taxation." It was the duty, therefore, of the complainant or of the Superintendent of Insurance to list these bonds with the taxing officers, and upon their failure to do so the duty devolved upon the county auditor, pursuant

to the authority vested in him by section 2781a of Bates' Ann. St., which provides as follows:

"Sec. 2781a. If any person whose duty it is to list property, or to make a return thereof for taxation to the assessor or county auditor, or to any board, officer or person, other than a board composed of officers of more than one county shall in any year or years fail to make a return or statement, or if such person shall make a return or statement of only a portion of his taxable property, and fail to make a return as to the remainder thereof, or if he shall fail to return his taxable property or any part thereof, according to the true value thereof in money, as provided by law, the county auditor shall, for each year, as to such property omitted and as to property not returned or taxed according to its true value in money, ascertain as near as practicable the true amount of personal property, moneys, credits, and investments that such person ought to have returned or listed, and the true value at which the same should have been taxed in his county for not exceeding the five years next preceding the year in which the inquiries and corrections provided for in this section and in sections 2781 and 2782 of the Revised Statutes are made, and multiply the omitted sum or sums by the rate of taxation belonging to said year or years, and accordingly enter the same on the tax lists in his office, giving a certificate therefor to the county treasurer, who shall collect the same as other taxes. The term 'personal property,' as used in this section, shall be held to apply to all kinds of omitted property for the taxation of which, for any of the years in which it was omitted, provision has not been made by law. The power and duty of the auditor under the provisions hereof shall be held to extend to all cases where property, taxable within his county has for any reason not been assessed and taxed according to its true value in money, as provided by law, except that where provision is made by law for the appraisement and assessment of property by a board composed of officers of more than one county, and such property and any part thereof has escaped taxation, the duties herein provided for shall be performed by such board, which shall have jurisdiction at any subsequent meeting to appraise and assess such omitted property for the year or years so omitted, and certify its assessment to the proper officer or officers to be placed upon the tax lists of the proper county or counties for the collection of omitted taxes thereon in the same manner as current assessments are certified by said board, and such officer or officers shall give a certificate therefor to the county treasurer, as in other cases. The provisions of sections twenty-seven hundred and eighty-two and twenty-seven hundred and eighty-three of the Revised Statutes as to notice and procedure shall, in so far as the same may be applicable, apply to the proceedings under this section, and nothing herein contained shall be construed to repeal any statute now in force as to the taxation of omitted property. And this act shall apply as well to property heretofore omitted or not taxed according to its true value in money as provided by law, as to property that may hereafter be omitted or not so taxed. The provisions of section 1071 of the Revised Statutes shall not apply to cases arising under this supplemental section 2781a."

In substantial compliance with this section and section 2746, the county auditor, the defendant Halliday, listed said bonds in the name of the complainant.

2. But it is urged that section 2781a is unconstitutional, in that it "attempts to make taxable retroactively omitted property which was not before taxable." The objectionable provision which it is claimed would work that result is as follows:

"The term 'personal property,' as used in this section, shall be held to apply to all kinds of omitted property for the taxation of which, for any of the years in which it was omitted, provision has not been made by law."

The manifest intent and purpose of the law in which this paragraph is found is to provide for the listing and valuing of, and the levying

and collection of taxes on, taxable property which has not been returned or properly returned to the taxing officers by the person or persons whose duty it was to return the same, or which. for any other reason has been omitted from the tax duplicate. All property within the state and not exempt by law is taxed by section 2731, and it was not the purpose of section 2781a to tax exempted property or property not within the state, and the expression "property not within the state" is intended to include not only property not in fact within the state, but also property not within the state in contemplation of law. There is no word, phrase, sentence, or paragraph in that section indicating such purpose. When property has not been returned, and taxes have not been paid thereon, it is a common expression to say that it has not been taxed, or has escaped taxation; and such misuse of the words will be found in the briefs of lawyers and in the opinions of judges as well as in the laws enacted by the General Assembly. The paragraph complained of, when considered in connection with the remainder of the section, and in view of the general purpose of the law, means simply that when taxable property is omitted from the tax duplicate for any cause, and there is no other law to correct the omission, the county auditor should proceed under this law to correct it. The paragraph should be construed as if it read as follows:

"The term 'personal property,' as used in this section, shall be held to apply to all kinds of omitted property for the listing of which, for any of the years in which it was omitted, provision has not been made by law."

. The double sense in which these words are used is illustrated in the next sentence, where it is said: "The power and duty of the auditor under the provisions hereof shall be held to extend to all cases where property taxable within his county, has for any reason not been assessed and taxed according to its true value in money"— meaning, manifestly, property that has not been valued and upon which taxes have not been levied according to its true value in money. The law is not open to the construction that it contemplates the taxation of property which is nontaxable under the Constitution. Its only purpose is to provide machinery for listing and valuing and levying and collecting taxes on taxable property which has been omitted from the tax duplicate in cases, not covered by any other law. It does not impose taxes, but provides for the collection of taxes imposed by existing law. It does not create new obligations, impose new duties, or attach new disabilities in respect to transactions or considerations already passed, but provides a remedy for the enforcement of existing obligations and duties. These bonds became subject to taxation under section 2731 at the moment of their deposit, and the right of the complainant to remove them and collect income therefrom was subject to the superior right of the state to collect taxes therefrom during the years mentioned in the bill, and the remedy afforded by this law for the collection of these taxes does not, therefore, impair any vested and superior right of the complainant.

3, 4. Before the passage of the law requiring foreign insurance companies to deposit bonds with the Superintendent of Insurance,

the only taxable subjects which they had in the state were premium receipts, and these were taxed, and are still taxed, by the special method provided by section 2745. This is a tax on business, as contradistinguished from a tax on property. Taxes upon business may be imposed or not, in the discretion of the General Assembly; but the Constitution requires the General Assembly to pass laws taxing property, and it is not within the power of the General Assembly to exempt or except property from taxation beyond the exemptions provided for in section 2 of article 12 of the Constitution. The claim, therefore, that foreign insurance companies are excepted from the operation of section 2744 because of the tax levied upon their business under section 2745, cannot be sustained.

The demurrer will be sustained, and the bill dismissed.