## BONDS DEPOSITED BY FOREIGN INSURANCE COMPANIES NOT TAXABLE IN OHIO.

Common Pleas Court of Franklin County.

THE CANADA LIFE ASSURANCE COMPANY v. VALENTINE, AUDITOR, ET AL.*

Decided, January 3, 1921.

*Taxation—Situs of Bonds for Purposes of Taxation—Where Deposited in Ohio by Foreign Insurance Companies in Conformity to Statutory Requirement.*

Section 5437, exempting foreign insurance companies from payment of taxes on bonds deposited with the superintendent of insurance for the protection of Ohio policy holders, is a constitutional enactment, and foreign companies making such deposits are relieved from listing such bonds for taxation.

ROGERS, J.

The action is one to enjoin the auditor and treasurer, respectively, of this county from levying and collecting taxes on municipal bonds deposited by the plaintiff with the superintendent of insurance of the state. The case is heard and submitted, in the main, upon the pleadings.

The facts are, in substance, these: the plaintiff is a foreign life insurance corporation, having its organization and domicile in the Dominion of Canada. However, it has complied with the laws of Ohio permitting it to transact its business in this state, and is and was so engaged in the life insurance business at the times hereinafter mentioned. Pursuant to Section 9373, General Code, which requires every foreign life insurance company, before it may transact its business in this state, to deposit with the superintendent of insurance, for the benefit of its policy holders, securities to the amount of one hundred thousand dollars, plaintiff on March 18th, 1915, deposited one hundred thousand dollars per value of the municipal bonds of the city of Cleveland, Ohio, issued March 1st, 1914, with said superintendent. On March

---

* On May 12, 1921, the Court of Appeals entered a like decree of injunction in this case on appeal.

12th, 1919, neither plaintiff nor the superintendent having returned these bonds for taxation, the auditor notified plaintiff or his intention to list such bonds, and of the date, to-wit, March 25th, 1919, fixed for the determination of the matter, thereby giving plaintiff an opportunity to be heard. On April 10th, 1919, the auditor, after the aforesaid notice and hearing entered said bonds on the tax list for the years 1915, 1916, 1917 and 1918 for taxation, during which years said bonds remained on deposit with said superintendent for the purpose aforesaid. The aggregate of the taxes so assessed at the respective rates and valuations for the years mentioned amounts to $5,950, which amount has been certified to the treasurer for collection, and he threatens to make collection thereof of the plaintiff.

Plaintiff contends that the auditor and treasurer respectively are not authorized or empowered, under the statutes of Ohio, to levy or collect taxes upon these bonds; and that they are not subject to the taxation attempted to be levied or collected as against them, or to hold plaintiff liable therefor. The main question, therefore, is: are the bonds in question subject to the attempted taxation under the statutes of Ohio, as they existed at and during the years covered by the levy and threatened collection of the alleged taxes. It seems to be conceded that, prior to the amendment of the statutes in 1902 (95 O. L., 290, Section 2745 R. S.,; Section 5437 G. C.) such bonds were held to be taxable in this county. See *Insurance Co.* v. *Bowland*, 196 U. S., 611; *Western Association Co.* v. *Halliday*, 110, Fed., 259; 127 Fed., 830; 126 Fed., 257. However, since that date, as contended by plaintiffs counsel, it claims immunity from taxation on all bonds so deposited, pursuant to statute, with the superintendent of insurance. The statute which it is claimed relieves the plaintiff from taxation of such bonds is found in the chapter of the General Code governing foreign insurance companies relative to taxation, and reads as follows:

"Section 5437. Neither insurance companies and associations, incorporated by the authority of another state or government, nor the superintendent of insurance, shall be required to make return for taxation of the deposits of such companies or associa-

tions made as required by law, with the superintendent of insurance, for the benefit and security of bond holders; nor be governed with respect to such deposits by the provisions of law relating to the listing of personal property or to the making of tax returns by corporations.''

It is clear that this section relieves plaintiff from making a return of these bonds for taxation. The statute in effect makes these bonds, while so deposited, non-taxable as bonds in Ohio. This being so, unless the statute violates some constitutional provision the bonds are not taxable. On the other hand, following the decisions above mentioned, cases construing substantially the same statutes relative to taxation as are for consruction in the instant case, the bonds are taxable, if the above quoted section is unconstitutional. The case, therefore, resolves itself into the ultimate question as to whether Section 5437 General Code. is or is not constitutional.

It is fundamental that the section is presumed to be constitutional, and, if any reasonable doubt exists as to whether or not the section is irreconcilably in conflict with the Constitution. such doubt is to be resolved in favor of its validity. Such has been the substance of the decisions in Ohio from the case of *Lewis, Trustee,* v. *McElvain,* 16 Ohio, 347, down to and including *Railroad Co. v. Commissioners,* 1 O. S., 77: *State ex rel* v. *Jones,* 51 O. S., 492; *State ex rel* v. *Price,* 101, O. S. ——. The constitutional provision which it is claimed Section 5437 G. C. violates is Section 2 of Article 12 which declares:

''Laws shall be passed, taxing by uniform rule, all moneys, credits, investments in bonds, stocks, joint stock companies or otherwise; and also all real and personal property according to its true value in money, excepting,'' etc.
true value in money, excepting,'' etc.

The exceptions are of no consequence in this case. According to the construction of our federal courts as declared by the decisions above mentioned, the General Assembly had passed laws, prior to the passage of Section 5437, authorizing the taxation of the securities deposited with the superintendent; and these

laws are still in force substantially as they existed at the time of those decisions, with, however, Section 5437 added as a part of the scheme of taxation of foreign insurance companies. If, therefore, this section when added to the general scheme of taxation of such foreign corporations is irreconcilably in conflict with the above constitutional provision, the section must be condemned as unconstitutional.

The "securities" which Section 5437 declares not to be subject to taxation in Ohio, are the securities, stocks and bonds which are required by law to be deposited with the superintendent by Section 9373 G. C., and Section 9565 G. C., respectively, to entitle foreign insurance companies to transact business in this state.

Securities such as are mentioned in the statutes above named are what are known in the law as intangible property. Independently of statute on the subject the rule with reference to the place for the purpose of taxation of such property differs from the rule relative to the place for the taxation of tangible personal property. In *Worthington* v. *Sebastian*, 25 O. S., 1, White, J., at page 8 in the opinion expresses this difference so clearly that I quote the language:

"Our system of *ad valorem* taxation has uniformly proceeded on the theory, that tangible property is to be taxed according to the law of the place where it is situated, irrespective of residence of the owner; with equal uniformity, it has proceeded upon the theory that credits, investments in bonds, stocks, etc., are taxable according to the laws of the place where their owners or holders reside."

According to the general trend of the decisions it appears to be the rule adopted by the state and federal courts that the situs of intangible property for the purposes of taxation is fixed at the domicile of the owners or holders in the absence of a statute fixing a different situs. Bonds are of a mobile character, and for the purposes of taxation, in the absence of a statute separating them from the owner, they follow the owner or holder. See on this general subject: *Grundy* v. *Tenn. Coal Co.*, 94 Tenn., 295; *New Albany* v. *Meeker*, 56 Am. Dec., 523, note at 527: *Matter*

of *Bronson*, 150 N. Y., 1; *Hall* v. *Fayetteville*. 115 N. C., 281; *Beck* v. *Miller*, 62 Am. St., 436, note at 452.

The author in 37 Cyc., 801, lays down the general rule relative to the taxation of intangible personal property to be that a state can not tax credits, investments and securities belonging to a non-resident, although the evidence of debt may be within the state, and cites several cases in support of the text.

While the place for taxation of such bonds, in the absence of a statute, is the domicile of the owner, it is equally true that investments in bonds may be separated from the person of the owner, by statute, and given a situs of their own. It was so held as to shares of stock. *Tappan* v. *Merchants Bank*, 19 Wal., 490; and bonds, as it appears to me, stand on no different footing in this respect. But, when not so separated, their situs follows and adheres to the domicile of the owner. See *Bradley* v. *Bander*, 36 O. S., 29, 35, and cases there cited.

Again, while Section 2 of Article 11 of the Constitution provides that laws shall be passed taxing by a uniform rule invest-ments in bonds, etc., it is not contemplated that the General Assembly shall enact laws taxing every bond brought into, or deposited in this state, no matter for what purpose. Nor does the constitution pretend to fix the situs of any investment in bonds, etc. for the taxation of which laws are required to be passed. It merely names the subjects of taxation and makes no limitation as to their situs or ownership. See *Worthington* v. *Sebastian, supra,* at page 8. The Constitution leaves the matter of fixing the situs, so far as not fixed by the common law, to legislative enactment.

Moreover, in cases of taxing intangible personal property, the domicile or residence of the owner may become a material factor. If the owner resides within the state, such intangibles, speaking generally, are taxable here in all events. Not necessarily so however, as to intangibles physically within the state, when the owner resides beyond its boundaries. Such property may be taxed here under certain limitations, or may not be so taxed, as the Legislature may declare. But it can not be said that the Legisla-ture *must provide* for its taxation here merely because the se-

curity—the evidence of the debt—is physically within the state. Accordingly, prior to the enactment of Section 5437 G. C., the General Assembly exercised its discretion under the Constitution to treat the securities that had been deposited for the benefit of the policy holders and had no fixed place for purposes of taxation as taxable in this state, and declared them taxable in Ohio. However, by the enactment of 5437 G. C., the General Assembly again exercised its discretion under the Constitution to treat the securities that had been deposited for the benefit of the policy holders and had no fixed place for purpose of taxation as non-taxable in this state. Hence, if it lies in the discretion of the Legislature to tax such securities in this state, and it is not compulsory so to do, I see no constitutional reason why such legislative enactment may not be changed so as in effect to exclude the situs of such property for the purposes of taxation from Ohio altogether. And in my opinion such a change was made by the passage of Section 5437, General Code. The General Assembly by this enactment declared in effect that these bonds having been deposited with the superintendent of insurance for purposes named in the act, should have no situs in Ohio for the purposes of taxation. Such enactment is merely declaratory of the policy of the state to treat the situs of such bonds as following the owner and not to fix such situs at the place of their actual deposit. It must be kept in mind that in the absence of statute fixing a place where this intangible property was to be taxed, the general law fixed the place at the domicile of its owner or holder, and it is only by the statute fixing a place in Ohio for the taxation of such bonds that they could be taxed at all in this state; for, under the common law, their mere physical presence here was not sufficient of itself to furnish the right to tax them here.

Taking the foregoing view of Section 5437, General Code, it appears to be reconcilable with the provisions of the Constitution mentioned which does not fix the situs of such intangible property, but leaves that to be fixed either by the general law or by statute. And the statute having declared its policy not to tax securities so deposited with the superintendent, and to

treat them as non-taxable in the state, I see no conflict between the legislative enactment and the Constitution in this regard.

Of course, if the Constitution when it declared that the Legislature should pass laws taxing investments in bonds, etc., fixed the situs of all bonds which are actually within the bounds of the state as taxable here, we would have a different case. But on the contrary the Constitution does not fix the place where any intangible or other property shall be taxed or what intangible property shall be taxed. It leaves that entirely to the Legislature for the latter to exercise its discretion with reference to the place of taxation of all such intangible property.

It is further contended that the legislative declaration not to tax these bonds in Ohio violates the uniform rule of taxation. I do not think so. The rule is uniform as to non-taxability of all such bonds of foreign insurance companies. The law may provide for the taxation of like bonds of domestic companies. This is right, because such companies reside in Ohio, and own bonds whose situs is fixed by such residence and ownership. These two elements furnishing the foundation for taxation of intangible property in the case of domestic corporations co-exist. Not so, however, with reference to the foreign corporations mentioned. Their status is different, and the General Assembly may, therefore, make one rule for them as to their intangible property which may or may not be taxed in Ohio, so long as it is uniform, and another rule for domestic corporations whose intangible property in Ohio must be taxed therein.

Arriving at the conclusion that Section 5437, General Code, is reconcilable with the Constitution, the finding of the court is in favor of the plaintiff and against the defendant, and a decree of injunction is ordered according to the prayer of the petition.