WESTERN ASSUR. CO. OF TORONTO, CANADA, v. HALLIDAY et al.

(Circuit Court, S. D. Ohio, E. D. June 4, 1901.)

**1. TAXATION—FOREIGN INSURANCE COMPANY—BONDS DEPOSITED.**

Where negotiable bonds are deposited with the insurance commissioner by a foreign insurance company, as required by Rev. St. Ohio, § 3660, and held by him as trustee for the benefit of policy holders and creditors in the United States, such bonds are taxable in that state, under Const. Ohio, art. 12, § 2, providing that laws shall be passed taxing by a uniform rule all moneys, credits, investments in bonds, and real and personal property, according to its true value, and Rev. St. Ohio, § 2731, providing that such property be so taxed, since not only the bonds, as evidence of credits due the company, but all elements of value in such bonds and the credits represented thereby, are transferred to and vested in such commissioner in trust, and hence situated in such state, and subject to its laws.

**2. SAME—TAX ON PREMIUMS—DOUBLE TAXATION.**

While Rev. St. Ohio, § 2745, requiring every foreign insurance company to pay, as tax, each year, a specified percentage of its premium receipts, was in force, section 2731 was enacted, requiring such companies to deposit municipal bonds with the insurance commissioner for the benefit of policy holders and creditors in the United States. *Held*, that the payment of such tax on premiums under section 2745 did not affect the liability of the property of the company brought into the state under section 2731 to taxation.

**3. SAME—LIST FOR TAXATION—TRUSTEE—COUNTY AUDITOR.**

Where the Ohio insurance commissioner has failed to list for taxation the bonds of a foreign insurance company deposited with him for the benefit of policy holders, and held by him as trustee, under Rev. St. Ohio, § 3660, as required by section 2734, the county auditor may list such bonds as provided in sections 2781, 2782.

On Demurrer to Amended Bill.

J. H. Cabell, for plaintiff.

Ross & Davis and A. F. McCormick, for defendants.

THOMPSON, District Judge. The complainant is a foreign fire insurance company doing business in Ohio. As a condition upon which it is permitted to do business in Ohio, and in compliance with the provisions of section 3660 of the Revised Statutes of Ohio, it deposited, and has now, and during the years 1895, 1896, 1897, 1898, and 1899 had, on deposit with the superintendent of insurance of the state of Ohio $100,000 in bonds, of which $50,000 are in municipal bonds of the city of Toledo, Ohio, and $50,000 in municipal bonds of the city of Columbus, Ohio. The defendant William H. Halliday is auditor of Franklin county, Ohio, and the defendant Nelson A. Sims is the treasurer of that county. Halliday, as such auditor, claiming to act in pursuance of the laws of Ohio, and upon the ground that the above-mentioned bonds are taxable property within the state, has assessed them for taxation in Franklin county, Ohio, for the years 1895, 1896, 1897, 1898, 1899, and 1900, and has levied taxes thereon for said years, aggregating the sum of $16,350, which has been certified to Sims, as such treasurer, for collection, and which Sims, as such treasurer, will proceed to collect unless restrained by the decree of this court.

Taxable property is described and defined by section 2731 of the Revised Statutes of Ohio, as follows:

"(Property subject to taxation; when public lands become taxable.) All property whether real or personal in this state, and whether belonging to individuals or corporations; and all moneys, credits, investments in bonds, stocks, or otherwise, of persons residing in this state, shall be subject to taxation, except only such as may be expressly exempted therefrom; and such property, moneys, credits, and investments shall be entered on the list of taxable property as prescribed in this title; all tracts of land set apart for school or ministerial purposes, and sold by and under authority of law, and all lands which shall be hereafter sold by the United States shall be subject to taxation as other lands in this state immediately after such sale; but school or ministerial lands shall not be sold for taxes until the purchase money therefor shall be fully paid, but shall be returned as delinquent, and continue on the duplicate, with the taxes of each year charged thereon, and added to the tax and penalty due when the same became delinquent, until payment be made by the purchaser or his assigns, of such purchase money, with the tax and penalty, or the lands resold by the county auditor, pursuant to the laws now or hereafter in force for the sale of such lands. [56 v. 175, § 1; 71 v. 96, § 78; S. & C. p. 1438 (S. & S. 757).]"

And the general rule as to who shall list and how they shall list personal property for taxation is prescribed by sections 2734 and 2735 of the Revised Statutes of Ohio, as follows:

"(Who shall list personal property.) Every person of full age and sound mind shall list the personal property of which he is the owner, and all moneys in his possession, all moneys invested, loaned or otherwise controlled by him, as agent or attorney, or on account of any other person or persons, company or corporation whatsoever, and all moneys deposited subject to his order, check, or draft, and all credits due or owing from any person or persons, body corporate or politic, whether in or out of such county; all money loaned on pledge or mortgage of real estate, although deed or other instrument may have been given for the same, if between the par-

ties the same is considered as security merely; the property of every ward shall be listed by his guardian, of every minor child, idiot, or lunatic having no guardian, by his father, if living; if not, by his mother, if living; and if neither father nor mother be living, by the person having such property in charge; of every wife by her husband, if of sound mind, if not, by herself; of every person for whose benefit property is held in trust, by the trustees; of every estate of a deceased person, by his executor or administrator; of corporations whose assets are in the hands of receivers, by such receivers; of every company, firm or corporation, by the president or principal accounting officer, partner or agent thereof; and all surplus or undivided profits held by any society for savings or bank having no capital stock, by the president or principal accounting officer. [62 v. 105, § 4; 75 v. 441, § 1; 76 v. 28, § 2; S. & S. p. 756 (S. & C. p. 1441).]"

Section 2735: "(Where personal property shall be listed.) Every person required to list property on behalf of others shall list the same in the same township, city, or village, in which he would be required to list it if such property were his own; but he shall list it separately from his own, specifying in each case the name of the person, estate, company, or corporation, to whom it belongs; all merchants' and manufacturers' stock, and all personal property upon farms shall be listed in the township, city, or village in which the same may be situated; and all other personal property, moneys, credits, and investments, except as otherwise specially provided, shall be listed in the township, city, or village in which the person to be charged with taxes thereon may reside at the time of the listing thereof, if such person reside within the county where the same are listed, and if not, then in the township, city or village where the property is when listed. [62 v. 105, § 4; S. & S. 756.]"

How certain corporations shall list their property is directed by section 2744 of the Revised Statutes of Ohio, as follows:

"(Corporations generally; their returns.) The president, secretary, and principal accounting officer of every canal or slackwater navigation company, turnpike company, plank road company, bridge company, insurance company, telegraph company, or other joint stock company, except banking or other corporations whose taxation is specifically provided for, for whatever purpose they may have been created, whether incorporated by any law of this state or not, shall list for taxation, verified by the oath of the person so listing, all the personal property, which shall be held to include all such real estate as is necessary to the daily operations of the company moneys and credits of such company or corporation within the state, at the actual value in money, in the manner following: In all cases return shall be made to the several auditors of the respective counties where such property may be situated, together with a statement of the amount of said property which is situated in each township, village, city, or ward therein. The value of all movable property shall be added to the stationary and fixed property and real estate, and apportioned to such wards, cities, villages or townships, pro rata, in proportion to the value of the real estate and fixed property in said ward, city, village or township, and all property so listed shall be subject to and pay the same taxes as other property listed in such ward, city, village, or township. It shall be the duty of the accounting officer aforesaid to make return to the auditor of state during the month of May of each year of the aggregate amount of all property by him returned to the several auditors of the respective counties in which the same may be located. It shall be the duty of the auditor of each county, on or before the first Monday of May, annually, to furnish the aforesaid president, secretary, principal accounting officer, or agent, the necessary blanks for the purpose of making aforesaid returns; but no neglect or failure on the part of the county auditor to furnish such blanks shall excuse any such president, secretary, principal accountant, or agent, from making the returns within the time specified herein. If the county auditor to whom returns are made is of the opinion that false or incorrect valuations have been made, or that the property of the corporation or association has not been listed at its full value, or that it has not been listed in the location where it properly belongs, or in cases

where no return has been made to the county auditor, he is hereby required to proceed to have the same valued and assessed: provided, that nothing in this section shall be so construed as to tax any stock or interest in any joint stock company held by the state. [73 v. 139, § 16 (S. & C. 1446).]"

And a special method of taxing foreign insurance companies is provided by section 2745 of the Revised Statutes of Ohio, as follows:

"(Returns by foreign insurance companies.) Every agency of an insurance company incorporated by the authority of any other state or government, shall return to the auditor of each county in which such company does business, or from which it collects premiums, on or before the first day of May, annually, the amount of the gross premium receipts of such agency for the previous calendar year in such counties: provided, however, that in the case of regular companies, wherein policy holders participate in the surplus and earnings of the company, dividends or surplus from previous payments allowed and used in the payment of current premiums, cancellation or surrender values, and commissions paid to the citizens of this state, during the same period for which receipts are reported, shall be deducted from such gross receipts, and the net amount after such deductions shall be the basis of taxation for such companies in the counties, which shall be entered upon the tax list of the proper county, and be subject to the same rate of taxation, for all purposes, that other personal property is subject to at the place where located; and the whole of said tax shall be due and payable on the twentieth day of November next ensuing. And it shall be the duty of the superintendent of insurance, in the month of December, annually, to charge and collect from all such companies such a sum as, added to the sum paid to the county treasuries, will produce an amount equal to two and one-half per cent. on the gross premium receipts of such companies, as shown by their annual statements, under oath, to the insurance department: provided, however, that if by the laws of any other state, territory or nation, a larger tax than two and one-half per cent. on such gross premium receipts is charged companies organized under the laws of Ohio, then the superintendent of insurance shall charge a like tax upon companies from such state, territory or nation doing business in this state. If any such company refuse to pay said tax, after demand therefor has been made, or if he shall make any false statement of its gross premium receipts, the superintendent of insurance shall revoke the license of such company to do business in this state. If, at any time, said superintendent has reason to suspect the correctness of the return made of the gross premium receipts of any such company, he may, at the expense of the state, make an examination of the books of such company, or of its agents, for the purpose of verifying the same. All taxes collected under the provisions of this section by the superintendent of insurance shall be paid by him, upon the warrant of the auditor, into the general revenue fund of the state. [91 v. 91; 90 v. 201; 86 v. 274; 85 v. 183; Rev. St. 1880; 73 v. 139, § 16.]"

The complainant claims: First. That the bonds in question are neither personal property within the state nor do they represent credits or investments of a person residing in the state, within the meaning of section 2731. Second. That foreign insurance companies are excepted from the operation of section 2744, and that the only method for taxing such companies is that provided by section 2745. Third. That complainant has in all respects complied with the requirements of section 2745, and has paid all taxes levied against it thereunder for the years mentioned. The defendants deny the first two propositions, and contend that the tax provided by section 2745 is not a tax on property, but a franchise tax, to be levied in addition to the property tax, which should be levied under section 2731 et seq.

1. These bonds represent investments of the insurance company, and it is a physical fact that they are within the state. They evidence

debts payable to the bearer or holder, and, being negotiable by delivery, they serve some of the purposes of money in effecting the exchange of values. The right of the bona fide holder to enforce payment of the debt is evidenced by the bond, but is not lost by the destruction of the bond. The debtor, however, cannot be required to pay the debt until the bond be produced for cancellation, or its destruction be shown. And although the debt, as a credit of the holder, has a property value independent of the bond which represents it, yet the bond, because of its negotiable character, has a property value in itself, which may give it a taxing situs distinct from that of the holder or owner. State Tax on Foreign-Held Bonds Case, 15 Wall. 300, 21 L. Ed. 179; State ex rel. Traders' Ins. Co. v. Board of Assessors, 47 La. Ann. 1545, 1546, 18 South. 519; Walker v. Jack, 31 C. C. A. 462, 88 Fed. 578. But it is said that the negotiable feature of these bonds has been suspended and rendered inoperative by the law under which they are deposited, and that they cannot operate in the market, or serve the purposes which would otherwise give them special value, but must remain idle in the hands of the state, having no value other than as evidence of the right of the insurance company to demand and receive the debt which they represent; a right which is property, but not property within the state, because it necessarily follows the person of the owner, who resides in another country. These moneys are deposited in compliance with the requirements of section 3660 of the Revised Statutes of Ohio, which provides as follows:

"Sec. 3660. A company incorporated by or organized under the laws of a foreign government shall deposit with the superintendent of insurance, for the benefit and security of the policy-holders residing in this state, a sum not less than one hundred thousand dollars in stock or bonds of the United States, or the state of Ohio or any municipality or county thereof, which shall not be received by the superintendent at a rate above their par value; the stock and securities so deposited may be exchanged from time to time for other like securities; so long as the company so depositing continues solvent and complies with the laws of this state, it shall be permitted by the superintendent to collect the interest or dividends on such deposits; and for the purpose of this chapter the capital of any foreign company doing fire insurance business in this state shall be deemed to be the aggregate value of its deposits with the insurance or other departments of this state and of the other states of the United States, for the benefit of the policy-holders in this state or in the United States, and its assets and investments in the United States certified according to the provisions of this chapter; but such assets and investments must be held within the United States, and invested in and held by trustees, who must be citizens of the United States, appointed by the board of directors of the company and approved by the insurance commissioner of the state where invested, for the benefit of the policy-holders and creditors in the United States; and the trustees so chosen may take, hold and convey real and personal property for the purpose of the trust, subject to the same restrictions as companies of this state."

These bonds are part of the capital stock of the insurance company. The laws of Ohio require that fire insurance companies, whether domestic or foreign, shall have a capital stock of not less than $100,000, which shall be invested in bonds, etc., and held for the protection and security of policy holders. They are not permitted to do business until they provide this fund to meet losses. And, although foreign insurance companies are required to deposit their

bonds, etc., with the superintendent of insurance, yet so long as the company continues solvent, and complies with the laws of the state, it may collect the interest and dividends thereon, and may exchange the bonds from time to time for other securities. By the deposit of these bonds the insurance company pledges them for the payment of losses incurred by policy holders, and their negotiable character enables them to be readily disposed of for that purpose. Their negotiability, therefore, is not suspended or destroyed, but is always available for the purposes of their deposit. As is said by the supreme court of California in People v. Home Ins. Co., 29 Cal. 540:

"If the bonds themselves are property, they are, of course, 'within the state'; but, if only evidence of the existence of property in some other form, they represent the thing, whatever it is. They are the outward symbols by which its actual presence is manifested, and by means of which it is manipulated and actually controlled, and through which the state can actually subject it to its jurisdiction. For this very purpose, the state required these bonds to be deposited within its reach, as a condition precedent to the transaction of any business in the state by the owner."

Every element of value in the bonds is employed not only to enable the company to comply with the law permitting it to do business, but to meet the exigencies of that business. The property rights of the insurance company in these bonds to the fullest extent are transferred to and vested in the superintendent of insurance of Ohio, in trust for its policy holders, and may be used by him for the purposes of the trust. Falkenbach v. Patterson, 43 Ohio St. 359, 1 N. E. 757; State v. Matthews, Wkly. Law Bul. No. 16 (April 22, 1901) 60 N. E. 605. There can be no doubt, therefore, that they are property within the state, and that it is within the power of the general assembly of Ohio to tax them in the same manner as the capital stock of domestic insurance companies is taxed. People v. Commissioners of Taxes, 23 N. Y. 224; British Commercial Life Ins. Co. v. Commissioners of Taxes, 18 Abb. Prac. 118; International Life Assur. Soc. of London v. Commissioner of Taxes, 28 Barb. 318; Mutual Life Ins. Co. of Buffalo v. Board of Sup'rs of Erie Co., 4 N. Y. 442.

2. But has the state passed laws authorizing or requiring the taxation of these bonds? Are they taxable under section 2731 of the Revised Statutes of Ohio? Section 2 of article 12 of the constitution of Ohio provides that "laws shall be passed, taxing by a uniform rule all moneys, credits, investments in bonds, stocks, joint stock companies, or otherwise; and also all real and personal property, according to its true value in money." Section 2731 provides that "all property, whether real or personal, in this state, and whether belonging to individuals or corporations, and all moneys, credits, investments in bonds, stocks, or otherwise of persons residing in this state, shall be subject to taxation"; and section 2734, which designates the persons by whom property shall be listed for taxation, provides, among other things, that the property of every person held in trust shall be listed by the trustee, and, if any person required to list property for taxation fails to do so, it may be listed by the county auditor, pursuant to the authority vested in him by sections 2781 and 2782; so that laws have been passed which provide for the taxation

of all property in the state, which, with great particularity, point out how and by whom it shall be listed and valued, and how the taxes shall be levied and collected. Prior to 1867 the only property which foreign insurance companies had in the state subject to taxation were premium receipts, and these were taxed, and are still taxed, by the special method provided by section 2745. In 1867 the legislature passed a law requiring foreign insurance companies to deposit with the superintendent of insurance, for the benefit and security of policy holders, not less than $100,000 in bonds, etc.; and when the complainant, in compliance with this law, deposited the bonds in question, they brought property into the state which is subject to taxation under the provisions of the laws just quoted. Upon their deposit it became the duty of the superintendent of insurance, as the trustee holding them for the benefit of the insurance company and its policy holders, to list them for taxation; and upon his failure to do so the duty devolved upon the auditor of the county. It is doubtless true that the taxation of these bonds may work a result not contemplated by the legislature or by the taxing officers of the state, and in this case may, in a measure, impose double taxation upon the complainant, but the mandatory provisions of the constitution and of section 2731 may not be disregarded, although these considerations suggest a doubt as to whether the construction given these provisions be the true one. Double taxation, however, may be avoided under the provisions of section 3660, by depositing nontaxable bonds, and the most serious objection to the ruling of the court will be thereby removed. The demurrer will be sustained, and the bill dismissed, at the complainant's costs.