Kunkle, J.
The Attorney General of the State of Ohio brings this action under Section 641, General Code, for the purpose of determining the rights of the policy holders of The Union Casualty Insurance Company of Philadelphia in and to a *286 certain deposit of $50,000 made by said company with the Superintendent of Insurance of the State of Ohio, as required by Section 9510, General Code.
It is conceded that the said insurance company is insolvent, and the controversy arises between the receiver appointed in the state of Pennsylvania, the domicile of said company, and also a certain policy holder of Pennsylvania, upon the one hand, and, upon the other hand, by various policy holders of said insurance company, residents of the state of Ohio, who claim the said fund by virtue of contracts made within the state of Ohio.
We have carefully considered the very helpful briefs which have been filed by counsel. We shall not undertake to discuss in detail the authorities and statutes cited therein, but will merely announce the conclusion at which we have arrived, after an examination of such authorities and statutes.
In brief, the questions presented for determination are:
1. Has the Insurance Commissioner of Pennsylvania, acting as receiver of said company in the state of its domicile, any right to the fund in question?
2. Should the funds realized from said deposit of $50,000 be applied primarily to the payment of the liability in favor of the Ohio policy holders, or should it be applied to the payment of the liability of all policy holders, irrespective of where they may reside ?
The deposit in question is required by Section 9510, General Code. The provisions of said section, in so far as they are pertinent to the question in issue, are as follows;
*287 “A company may be organized or admitted under this chapter to * * * guarantee the performance of contracts other than insurance policies, and execute and guarantee bonds and undertakings required or permitted in all actions or proceedings, or by law allowed; make insurance to indemnify employers against loss or damage for personal injury or death resulting from accidents to employes or persons other than employes and to indemnify persons and corporations other than employers against loss or damage for personal injury or death resulting from accidents to other persons or corporations. But a company of another state; territory, district or county admitted to transact the business of indemnifying employers and others, in addition to any other deposit required by other laws of this state, shall deposit with the superintendent of insurance for the benefit and security of all its policy holders, fifty thousand dollars in bonds of the United States or of the state of Ohio, or of a county, township, city or other municipality in this state, which shall not be received by the superintendent at a rate above their par value. The securities so deposited may be exchanged from time to time for other securities. So long as such company continues solvent and complies with the laws of this state it shall be permitted by the superintendent to collect the interest on such deposits.”
Sections 641, 642 and 643, General Code, define the procedure which shall be had in case of insolvency of the company making the deposit. These sections are as follows:
“Sec. 641. If any company, corporation, or association required by law to make a deposit with *288 the superintendent of insurance, or other state officer, to secure the contracts of such company, corporation, or association, or for any other purpose, fails to pay any of its liabilities upon such contracts, or other obligations, according to the terms thereof after the liability thereon has been determined, or if such company, corporation, or association, having ceased to do business within this state, leaves unpaid any such liability or has become insolvent, the attorney general of the state, on behalf of the superintendent of insurance, or such other officer, and upon the application of any person entitled to participate in such deposit, or the proceeds arising therefrom, shall commence a civil action in the court of common pleas of Franklin County, making the company, corporation, or association, a party defendant, to determine the rights of all parties claiming any interest in such deposit, to subject the deposit to the payment or satisfaction of all liabilities and to distribute such fund among the persons entitled thereto.
“Sec. 642. Upon the filing of the petition in such case, the superintendent of insurance, or other officer, shall cause to be published for six consecutive weeks in three papers of general circulation within the state, one of which shall be published at the seat of government, a notice containing a succinct statement of the object and prayer of the petition in such action, and the time within which persons claiming to have an interest in such fund shall be required to answer.
“Sec. 643. The. clerk of such court shall forward a copy of such notice to the last known address of such company, corporation or association. *289 The code of civil procedure shall govern such proceedings in so far as it is applicable, and upon the hearing of the cause, such order, judgment or decree shall be entered by the court as is deemed just and equitable.”
Section 656, General Code, reads as follows:
“Sec. 656. When any insurance company or corporation other than life, which has made a deposit with the superintendent of insurance, intends to discontinue its business in this state, the superintendent, upon application of such company or corporation, shall give notice at its expense of such intention at least once a week for six weeks in three newspapers of general circulation in the state. After such publication, the superintendent shall deliver to such company or association its securities held by him, if he is satisfied by the affidavits of the principal officers of the company and on an examination made by him or by some competent, disinterested person or persons appointed by him, if he deems it necessary that all debts and liabilities which are due, or may become due, upon any contract or agreement made with any citizen or resident of the state of Ohio, are paid and extinguished.”
From a consideration of the said statutes and the authorities, we think the law of this state is that the said fund so deposited should be administered by the superintendent of insurance of this state, under the direction of the court, and should be distributed directly to the policy holders entitled to share therein.
The fact that the fund is claimed by an assignee, or other representative of an insolvent corporation, *290 does not supersede the jurisdiction of the court to order the distribution made by the superintendent of insurance directly to the policy holders.
In the case of State, ex rel., v. Matthews, 64 Ohio St., 419, the syllabus is as follows:
“1. Where securities have been deposited with the Superintendent of Insurance, by an insurance company, to be held by such superintendent in trust for the benefit and protection of, and as security for, the policy holders of such company, the assignee of such company, under our insolvent laws, cannot recover such securities from such superintendent without first showing that such company is no longer liable to any of its policy holders.
“2. It is the official duty of such superintendent, in the event that such company becomes insolvent, to act, and perform his trust, by distributing the funds so deposited with him, pro rata among the several policy holders, and when their just claims shall all be satisfied, to pay the balance, if any, to the company, or its assignee or other successor.'”
See also Falkenbach v. Patterson, Recr., 43 Ohio St., 359.
In view of the above decisions we are clearly of the opinion, as previously stated, that the fund in question should be administered in the present proceedings, and should be distributed directly to the policy holders entitled thereto, and that the same should not be paid to the representative of the insurance company appointed in the state of Pennsylvania.
In regard to the claim of James L. Stuart, the policy holder residing in the state of Pennsylvania, *291 we are of opinion that his failure to file his claim within the time fixed by the public notice of the superintendent of insurance does not bar a consideration of the merits of his claim.
We think the provision fixing the time for filing claims merely fixes a “Rule Day,” which under the rules of civil procedure is subject to being opened up in a proper case, at the discretion of the court having jurisdiction of the case. We do not think this provision was intended as a statute of limitation, but that it merely fixed a time when the court might proceed to the consideration of the claims and the distribution of the fund.
This brings us to the question whether the foreign policy holder is entitled to participate in the distribution of the said fund so deposited.
This court formerly had before it for consideration, in the case of Hogan, Atty. Gen., v. The Empire State Surety Co., ante, 172, the question now presented. In that case this court stated:
“It is evident, however, that the deposit provided for in Section 9510, General Code, was intended to be held for the benefit of the policy holders whose rights grow out of contracts made and business transacted in the state of Ohio.”
We have carefully considered Sections 95.10, 641, 642, 643 and 656, General Code, as they existed at the time the rights of the Ohio claimants to this fund accrued, and have also examined other sections of the statutes in pari materia with the sections above quoted, and after such consideration we cannot escape the conclusion that the said sections of our code, when read together, reflect an intention upon the part of the legislature to require *292 said deposit to be held for the primary benefit of Ohio policy holders. Where the legislature provides for a deposit as a condition precedent to the right of a foreign corporation to do business within the state, we think the primary inference is that such deposit was required for the purpose of protecting the policy holders whose policies were issued within the state, and, in order to extend the benefit of such deposit to the general policy holders of the company, we think the statute should clearly express such intention.
It is urged that the amendment to Section 9510, General Code, of date April 25, 1904, striking out the provision as to the policy holders residing in this state and inserting the provision “for the benefit of all its policy holders,” clearly shows an intention upon the part of the legislature to extend the protection of the deposit to all the policy holders of the company, irrespective of the state wherein such policies may have been issued.
If Section 9510, General Code, was the only section to be considered, then there would be much force in this contention; but when all the statutes relating to such deposit, its distribution, and discontinuance of business, are considered, then we think it does not appear that the legislature intended to extend the benefit of such deposit to policy holders generally.
Counsel for appellant call attention to the recommendations of certain administrative officers of the state in favor of the amendments to the various statutes under consideration. We are of opinion that such recommendations are not conclusive, but that the real intention of the legislature must be *293 deduced from the various acts of the legislature relating to the deposit under consideration.
Entertaining these views, the demurrers should be sustained.

Demurrers sustained.

Allread and Ferneding, JJ., concur.