Day, J,
 

 Is relator entitled to a writ of mandamus ? Respondent contends that relator is not entitled to the writ prayed for, first, because relator has another adequate remedy, and second, because relator is not entitled to the return of the deposit. We shall consider the second contention first.
 

 On March 22, 1923, the General Assembly of Ohio
 
 *315
 
 enacted Section 9510-7, General Code, which provides that:
 

 “An insurance company which is required by the provisions of paragraph two of section 9510, General Code, to deposit fifty thousand dollars of bonds with the superintendent of insurance may, in lieu of such deposit, make a deposit of one hundred thousand dollars, in securities in which the company may be permitted to invest its assets by the laws of the state in which it is incorporated, with the superintendent of insurance or other officer of anothér state designated or permitted by the laws of such state to receive such deposit, for the benefit and security of all its policyholders. When the superintendent of insurance of this state is satisfied by the certificate of such superintendent of insurance or other officer of such other state that such deposit has been made as provided herein, he shall accept such certificate in lieu of the deposit required of such company by paragraph two of section 9510, General Code, and such company shall not then be required to maintain the deposit in this state provided for in said paragraph two of section 9510.”
 

 Simultaneously with the enactment of the above section, and as part of the same act, the General Assembly enacted Section 9510-10, General Code, which provides :
 

 “Any deposit so made may be withdrawn by the company when the superintendent, upon examination of the books of the company and affidavits of its principal officers and other evidence, is satisfied and shall certify that all the obligations and liabilities which the deposit was made to secure have been paid or extinguished.”
 

 It is the contention of relator that immediately upon the receipt of a certificate from the Superintendent of Insurance of the state wherein the insurance company has its domicile to the effect that a deposit of $100,000
 
 *316
 
 in securities has been made with him, Section 9510-7, General Code, makes it mandatory upon the Superintendent of Insurance of the state of Ohio to release the securities deposited with him.
 

 In determining the duties of the Superintendent of Insurance in that respect, Sections 9510-7 and 9510-10, General Code, must be construed together since they are parts of the same enactment. Section 9510-7, General Code, does not require the Ohio Superintendent of Insurance to release the securities deposited, but merely authorizes him to accept in lieu of the securities deposited the certificate from the Superintendent of Insurance of the state wherein the insurance company has its domicile. Section 9510-10, General'Code, governs the question of release of such securities, and provides, in substance, that the securities deposited may be withdrawn by the company when the Superintendent of Insurance is
 
 “satisfied,”
 
 upon examination of the books of the company and affidavits of its principal officers and other evidence, that all the obligations and liabilities which the deposit was made to secure have been paid or extinguished. Until the Superintendent of Insurance is thus satisfied, withdrawal of the deposit is not authorized.
 

 The parties, by stipulation, agree that the Southern Surety Company of New York is an adjudicated insolvent, although when the demand for the release of the securities was first made insolvency was not apparent. It was the position of the Ohio Superintendent of Insurance then, which he justifiably still maintains, that the deposit of the securities constitutes a trust fund for the benefit of Ohio policy holders of both the Southern Surety Company of New York and the Southern Surety Company of Iowa, and that the deposit cannot be returned until all such claims against the company shall first have been paid or extinguished. Were the deposit now released, Ohio policy holders of both the Southern Surety Company of Iowa and the
 
 *317
 
 Southern Surety Company of New York would be required to go to New York to assert their right, notwithstanding the fact that the deposit was made and intended for their protection.
 

 As to policies written prior to the deposit of the $100,000 in the state of its domicile, it appears that relator is satisfied to have the Ohio Superintendent of Insurance deduct from the deposit double the amount of the claims thereon for the protection of such claimants, but insists that the remainder must be released; that otherwise the deposit would be made to protect policy holders whose claims arose subsequent to the enactment of Section 9510-7, General Code. The Superintendent of Insurance, however, justifiably contends that since the company was unable to satisfy him that the liabilities for which the deposit was to serve as security were extinguished, it became obligatory for the deposit to remain in effect and that so long as under these circumstances the deposit was required to be maintained, all Ohio policy holders whose claims arose subsequent to the above mentioned enactment and while the deposit was maintained, dealt and contracted with the insurance company in reliance upon the deposit as security, and that their unextinguished claims against the company are therefore likewise claims against this deposit; that under the circumstances the deposit cannot be released until all of these claims, after they shall have first been established according to law, are paid or extinguished.
 

 We are of the opinion that under Section 9510-10, General Code, respondent owes no duty to return the deposit until he is
 
 “satisfied”
 
 that all of the obligations and liabilities which the deposit was made to secure have first been paid or extinguished.
 

 Is relator entitled to the writ prayed for?
 

 To be entitled thereto, he must show that the Superintendent of Insurance refuses to perform a specific
 
 *318
 
 duty imposed upon Mm by law. What are the circumstances under which the Superintendent of Insurance refuses to surrender the deposit? The insurance company admitted being unable to
 
 “satisfy”
 
 the superintendent that all claims against it had been paid or extinguished. The insurance company subsequently became insolvent. To liquidate the deposit, suit was instituted in the Court of Common Pleas of FranMin county, as provided by Sections 641, 642 and 643, General Code. In that suit, which is still pending, 175 claims were filed against the deposit. Under the circumstances the Superintendent of Insurance is, by virtue of the provisions of Section 9510-10, General Code, authorized to refuse to release the securities until the rights of the claimants thereto shall have been judicially determined and disposed of. It is not within the power of this court, in an action in mandamus, to determine the rights of these claimants, this being the function of the Court of Common Pleas of Franklin county in the action now pending before it. It is there that the relator’s right to the securities can be asserted and adjudicated. Relator is afforded other adequate remedy. When such is the case mandamus will not lie.
 

 Relator contends that the action in the Court of Common Pleas of Franklin county was instituted after the insurance company had been adjudicated insolvent; that by virtue of its adjudicated insolvency and subsequent judicial dissolution,- the insurance company ceased to exist and that therefore a suit against it is no more availing than a suit against a deceased person; that no service can be had upon it, nor judgment rendered against it. However, the action is not one
 
 in personam
 
 but one
 
 in rem.
 
 The action is against the securities deposited and not for personal judgment
 
 *319
 
 against tlie dissolved insurance company, and may therefore be maintained.
 

 Writ denied,.
 

 Weygandt, C. J., Stephenson, Williams, Jones, Matthias and Zimmerman, JJ., concur.