In the Matter of the Application of THE PEOPLE OF THE STATE OF NEW YORK, by GEORGE S. VAN SCHAICK, Superintendent of Insurance of the State of New York, for an Order to Take Possession of the Property and Liquidate the Business and Affairs of the SOUTHERN SURETY COMPANY OF NEW YORK.

THE GOODYEAR TIRE & RUBBER CO., INC., Claimant, Appellant; LOUIS H. PINK, Superintendent of Insurance of the State of New York, as Liquidator of SOUTHERN SURETY COMPANY OF NEW YORK, Respondent.

(Claim No. PI & PD 1358.)

First Department, February 3, 1939.

*David E. Hudson* of counsel [*Lewis & Kelsey*, attorneys], for the claimant, appellant.

*Irvin Waldman* of counsel [*Benjamin Potoker* with him on the brief; *Alfred C. Bennett*, attorney for the Superintendent of Insurance, as liquidator of Southern Surety Company of New York], for the respondent.

UNTERMYER, J. Southern Surety Company of New York was placed in liquidation by an order of the Supreme Court on March 22, 1932. Previously, in order to transact business in the State of Ohio, it had deposited with the Superintendent of Insurance of Ohio $50,000 in securities, as required by subdivision 2 of section 9510 of the General Code of Ohio, the pertinent provisions of which are as follows: " a company of another State, Territory, District or country admitted to transact the business of indemnifying employers and others, in addition to any other deposit required by other laws of this State, shall deposit with the Superintendent of Insurance for the benefit and security of all its policy holders, fifty thousand dollars in bonds of the United States or of the State of Ohio, or of a County, Township, City or other municipality in this State, which shall not be received by the Superintendent at a rate above their par value."

The courts of Ohio, construing these provisions together with other provisions of the Ohio Code (§§ 641, 642 and 643), over a period of many years, have consistently held such a deposit to be security only for the claims of Ohio policyholders and that the Ohio Superintendent of Insurance is the trustee of an express trust for their exclusive benefit. (*State ex rel. Turner* v. *Union Casualty Ins. Co.*, 8 Ohio App. 285; *McGhee* v. *Casualty Co.*, 15 id. 457; *State ex rel.* v. *Matthews*, 64 Ohio St. 419; 60 N. E. 605; *State ex rel. Turner* v. *Union Casualty Ins. Co.*, 28 Ohio C. A. 113. Cf. *State ex rel. Van Schaick* v. *Bowen*, 131 Ohio St. 310; 2 N. E. [2d] 824: *Western Assurance Co.* v. *Halliday*, 110 Fed. 264; affd., 126 id. 257.)

The Southern Surety Company is hopelessly insolvent and under no circumstances will its creditors receive payment of their claims in full. Accordingly, after the commencement of the liquidation proceedings in this State, the Attorney-General of Ohio instituted proceedings in the Court of Common Pleas of Franklin County, Ohio, to obtain an adjudication of the rights of Ohio claimants in the deposit. Therein it was determined that only creditors resident in Ohio were entitled to share in the fund. The Goodyear Tire and Rubber Co., Inc., an Ohio corporation, filed proofs of claim in the Ohio proceeding as well as in the New York liquidation and received a dividend out of the funds on deposit in Ohio, amounting to 12.675 per cent of its claim.

In the liquidation proceedings in this State the liquidator has paid a dividend to policyholder claimants of 3.2 per cent out of a statutory deposit of the Southern Surety Company held by the Superintendent of Insurance of New York State (in which apparently the Goodyear Company claims no interest), and he has paid a further dividend of 7.3 per cent out of the general assets to all non-policyholder claimants and policyholder claimants wherever resident who have not heretofore received a dividend in that amount. The liquidator has allowed the claim of The Goodyear Tire & Rubber Co., Inc., but declines to pay any dividend out of assets here " unless and until all allowed policyholder claimants shall have received dividends on their claims in amount equal to " the dividend received by the Goodyear Company and other Ohio creditors out of the deposit formerly in the possession of the Superintendent of Insurance of the State of Ohio. In this way the liquidator seeks to enforce equality of treatment among policyholder claimants. The Goodyear Company, on the contrary, asserts that it was entitled to realize on the security held in trust in Ohio for the benefit of residents of that State, and then participate as to the balance in the assets here equally with the general creditors of the Southern Surety Company, under section 425 of the Insurance

Law. That section provides: " No claim of any secured claimant shall be allowed at a sum greater than the difference between the value of the security and the amount for which the claim is allowed, unless the claimant shall surrender his security to the Superintendent in which event the claim shall be allowed in the full amount for which it is valued."

The effect of these provisions is to apply to insolvent insurance corporations the so-called " Bankruptcy Rule," whereby secured creditors may prove only the excess of their claims above the value of the security, rather than the " Chancery Rule," under which secured creditors are permitted to prove their claims in full notwithstanding recourse to the security. (*Merrill* v. *National Bank of Jacksonville,* 173 U. S. 131.)

The referee, to whom the matter was referred, in a very comprehensive report, appears to have inclined to the view that the claim of the Goodyear Company should have been paid in the same manner as were the claims of other creditors to the extent that it had not been paid by the distribution in Ohio. He felt constrained, however, to sustain the contention of the liquidator in deference to a Special Term decision in another proceeding (*People ex rel. Van Schaick* v. *Consolidated Indemnity & Ins. Co.* [*Evans*], N. Y. L. J. Oct. 17, 1936, p. 1220; adhered to on reargument, Id. Jan. 8, 1937, p. 111), wherein, under almost identical conditions, similar objections filed by a claimant were overruled.

It is argued on behalf of the liquidator that the Ohio court was not justified in holding that the deposit constituted security for Ohio residents alone and that we should not adhere to that decision. But we think that, even if the courts of this State are not concluded by the decision of the Ohio court with respect to the interpretation of section 9510 of the General Code of Ohio, they should, on principles of comity, give effect to that decision under the circumstances of the present case. (2 Beale, Conflict of Laws, § 332.39.) The deposit was made in the State of Ohio. It was created under a statute of that State and there it was intended to be held and administered. Moreover, the deposit appears to have been made after the Ohio courts had several times declared that it would be treated as security only for Ohio policyholders. Under these circumstances we should give controlling, if not conclusive, effect to the decision of the Ohio courts construing an Ohio statute concerning a fund within its jurisdiction. (*Matter of Casualty Co. of America* [*Mackey Claim*], 206 App. Div. 314.)

The claimant and others in like position were secured creditors within the meaning of section 425 of the Insurance Law, notwithstanding that the security was not in their possession but was held

in trust for their benefit by the Superintendent of Insurance of Ohio. They were secured creditors in the sense that a bondholder is secured where a trustee holds collateral for his benefit and for the benefit of other bondholders in the same position. Such is the law of Ohio (*Western Assurance Co.* v. *Halliday*, 110 Fed. 259; affd., 126 id. 257; *McGhee* v. *Casualty Co.*, 15 Ohio App. 457; *State ex rel. Van Schaick* v. *Bowe*, 131 Ohio St. 310; 2 N. E. [2d] 824; *State ex rel. Haavind* v. *Crabbe*, 114 Ohio St. 504; 151 N. E. 755), and such also is the law of this State. (*People* v. *Granite State Provident Assn.*, 161 N. Y. 492.) " The object was security, and the difference is one of words, rather than substance." (*Bank Commissioners* v. *Granite State Provident Assn.*, 70 N. H. 557; 49 A. 124.) We conclude, therefore, that the claimant is entitled to share *pro rata* with other policyholder creditors in the distribution of 7.3 per cent by the liquidator for the face amount of its claim after deducting the dividend received thereon in Ohio.

We perceive no inequity in this result. The State of Ohio, as it had the right to do, exacted security for the benefit of residents of that State who might become policyholders of the Southern Surety Company. That corporation presumably found it of advantage to submit to these conditions in order to transact business in that State. To the extent that policyholders resident in Ohio will benefit thereby they are in the same position as any other creditor who has received security for the payment of his claim. (*Bank Commissioners* v. *Granite State Provident Assn.*, *supra.*) Such a creditor our statute (Insurance Law, § 425) recognizes as entitled to more favorable treatment than general creditors by according to him the right to realize on his security and then to the payment of the balance of his claim in equality with other creditors. The equitable rule of equality among creditors of the same class does not operate to deprive a creditor who holds security of his superior rights. (*Matter of People* [*First Russian Ins. Co.*], 253 N. Y. 365; *Matter of People* [*Southern Surety Co.*], 266 id. 589.)

The order should be reversed, with twenty dollars costs and disbursements, and the motion to confirm the referee's report denied in so far as it dismisses the claimant's objections to the liquidator's second preliminary report. An order is directed to be entered requiring the liquidator to pay to the claimant dividends equivalent to those paid to other policyholder creditors on such part of its claim as remains after deducting the amount received in the Ohio proceedings.

MARTIN, P. J., O'MALLEY, TOWNLEY and GLENNON, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and the motion to confirm the referee's report denied in so far as it dismisses the claimant's objections to the liquidator's second preliminary report. An order is directed to be entered requiring the liquidator to pay to the claimant dividends equivalent to those paid to other policyholder creditors on such part of its claim as remains after deducting the amount received in the Ohio proceedings. Settle order on notice.