In the Matter of the Application of THE PEOPLE OF THE STATE OF NEW YORK by GEORGE S. VAN SCHAICK, as Superintendent of Insurance of the State of New York, for an Order to Take Possession of the Property and Liquidate the Business of SOUTHERN SURETY COMPANY OF NEW YORK.

LOUIS H. PINK, Superintendent of Insurance of the State of New York, as Liquidator of SOUTHERN SURETY COMPANY OF NEW YORK, Appellant and Respondent; GOODYEAR TIRE & RUBBER Co., INC., Respondent and Appellant.

Argued November 21, 1939; decided December 28, 1939.

56

*Irvin Waldman, Benjamin Potoker* and *Alfred C. Bennett*
for Superintendent of Insurance of the State of New

York, as liquidator of Southern Surety Company of New York, appellant and respondent. All creditors of the same class of an insolvent insurer, wherever resident, are entitled to have the general assets distributed among them upon principles of perfect equality. Claimant, who already has received a dividend in excess of the amount paid by the New York liquidator, is entitled to no further dividends out of the general assets in the possession of the liquidator until all other creditors of the same class have received a dividend equal in amount to that so paid to claimant. (*Matter of People* [*Norske Lloyd Ins. Co.*], 242 N. Y. 148; *American B. & C. Co.* v. *Chicago B. & I. Co.*, 251 Ill. App. 549; *Reynolds* v. *Stockton*, 140 U. S. 254; *Blake* v. *McClung*, 172 U. S. 239; *Carpenter* v. *Ludlum*, 69 Fed. Rep. [2d] 191; *Bank Commissioner* v. *Granite State Provident Assn.*, 70 N. H. 557; *Ramsey* [v. *Ramsey*, 196 Ill. 179; *Huntington* v. *Attrill*, 146 U. S. 657; *Marshall* v. *Sherman*, 148 N. Y. 9; *Commissioner of Insurance* v. *Lloyds Ins. Co.*, 283 N. W. Rep. 703; *Barth* v. *Backus*, 140 N. Y. 230; *Hibernia Nat. Bank* v. *Lacombe*, 84 N. Y. 367.) The Appellate Division erred in ruling that the Ohio statutory deposit gave claimant and other Ohio creditors the status of secured creditors. (*Merrill* v. *National Bank of Jacksonville*, 173 U. S. 131; *American B. & C. Co.* v. *Chicago B. & I. Co.*, 251 Ill. App. 549; *Matter of Stoddard*, 242 N. Y. 148; *Scottish Union & National Ins. Co.* v. *Bowland*, 196 U. S. 611; *Matter of People* [*International Reinsurance Corp.*], 243 App. Div. 764; 270 N. Y. 13; *Matter of Hanreddy*, 186 N. W. Rep. 744; *People* v. *Metropolitan Surety Co.*, 205 N. Y. 135; *Rozell* v. *Rozell*, 281 N. Y. 106; *Relfe* v. *Rundle*, 103 U. S. 222; *People* v. *American Loan & Trust Co.*, 172 N. Y. 371; *Times-Mirror Co.* v. *Superior Court*, 3 Cal. [2d] 309.)

*David E. Hudson, L. W. Baker* and *Arthur J. Marangelo* for Goodyear Tire & Rubber Co., Inc., respondent and appellant. The Ohio statutes protect only resident Ohio policyholders. (*State ex rel. Turner* v. *Union Casualty Ins. Co.*, 8 Ohio App. 285; *McGhee* v. *Casualty Co.*, 15 Ohio

App. 457; *State ex rel. Turner* v. *Ins. Co.*, 28 Ohio C. C. [N. S.] 113; *State ex rel. Van Schaick* v. *Bowen*, 131 Ohio St. 310; *Western Assur. Co.* v. *Halliday*, 110 Fed. Rep. 259; 126 Fed. Rep. 257.) The decisions of the Ohio courts that the Ohio statutes protect only resident Ohio policyholders are binding upon the New York courts. (*Saint Nicholas Bank* v. *State Nat. Bank*, 128 N. Y. 26; *Keeler* v. *Templeton*, 164 Misc. Rep. 113.) Policyholders qualifying under the protection afforded by the Ohio statutes are secured creditors. (*State ex rel. Van Schaick* v. *Bowen*, 131 Ohio St. 310; *McGhee* v. *Casualty Co.*, 15 Ohio App. 457; *Western Assur. Co.* v. *Halliday*, 110 Fed. Rep. 259; 126 Fed. Rep. 257; *Scottish U. & N. Ins. Co.* v. *Bowland*, 196 U. S. 611; *Matter of People* [*Norske Lloyd Ins. Co.*], 249 N. Y. 139; *Matter of People* [*First Russian Ins. Co.*], 253 N. Y. 365; *People* v. *Granite State Provident Assn.*, 41 App. Div. 257; 161 N. Y. 492.) Secured creditors of an insolvent are entitled in New York to share in the distribution of the insolvent's estate *pro rata* with other creditors after deduction from their claims of the amount realized from their security. (Cons. Laws, ch. 28, § 425; *Matter of New York Title & Mortgage Co.*, 160 Misc. Rep. 67; *Merrill* v. *National Bank of Jacksonville*, 173 U. S. 131; *Boston & Albany R. R. Co.* v. *Mercantile Trust & Deposit Co.*, 82 Md. 535; *Bank Commissioners* v. *Granite State Provident Assn.*, 70 N. H. 557; *People* v. *Granite State Provident Assn.*, 41 App. Div. 257; 161 N. Y. 492; *Matter of People* [*First Russian Ins. Co.*], 253 N. Y. 365; *Matter of Van Schaick* [*Southern Surety Co.*], 266 N. Y. 580.) The claimant is entitled to share equally with all other policyholder claimants in the New York statutory deposit. (*Matter of People* [*Norske Lloyd Ins. Co.*], 249 N. Y. 139; *Matter of People* [*City Equitable Fire Ins. Co.*], 238 N. Y. 147.)

FINCH, J. This is a proceeding for the liquidation of an insolvent insurance company incorporated under the laws of this State. The present appeal is brought by an Ohio policyholder of the insolvent company, which seeks

to establish its right to participate in the distribution of (a) the general assets of the insolvent insurance company in the possession of the New York liquidator, and (b) the statutory fund required by section 13 of the Insurance Law (Cons. Laws, ch. 28; L. 1909, ch. 33, as amd.) for the protection of policyholder creditors. Thus far, by the distribution of the special New York fund and of general assets, the New York liquidator has paid dividends of 3.2% and 7.3% respectively out of the two classes of assets. As a condition for doing business in the State of Ohio, the insolvent insurance company had been required to create a special fund for the benefit of the policyholders. (Ohio General Code, § 9510, ¶ 2.) Claimant, together with other Ohio policyholder creditors, has received a dividend of 12.675% on its claim as a result of the distribution of the Ohio fund. Only Ohio policyholders received payments out of the fund. The New York liquidator has allowed the claim of claimant for the difference between its original debt and the amount realized from the Ohio deposit upon the condition that no dividend will be paid to claimant until all allowed policyholder claimants shall have received dividends totaling 12.675% of their respective claims, or an amount equal to the dividend received by claimant in Ohio out of the deposit formerly there held by the Ohio State Superintendent of Insurance. Special Term sustained the report of the referee dismissing the objections of claimant to the condition which the liquidator attached to the allowance of the claims. The Appellate Division reversed the order of Special Term and directed that claimant be allowed to participate in the distribution of the general assets free from the condition imposed by the liquidator. In its opinion the Appellate Division stated further that it did not consider the right of claimant to participate in the special New York fund because the court understood that no claim was being made thereto. There are cross-appeals.

The liquidator appeals in order to have the determination of the Appellate Division reversed, and claimant appeals in

order to have the determination of the Appellate Division modified so as to provide that claimant is entitled to share in the special New York fund.

Appeal of the Liquidator. The question to be determined on this phase of the appeal is whether the claimant, an Ohio policyholder creditor, may participate in the distribution of the general assets in New York on the same basis as any other secured creditor, i. e., by proving for the difference between the amount of the original debt and the amount realized on the collateral. The disposition of this question in turn depends upon whether the provisions of the Ohio law requiring the deposit established a trust fund for the benefit of Ohio creditors only.

The Ohio statute provides that " * * * a company of another state, territory, district or country admitted to transact the business of indemnifying employers and others, in addition to any other deposit required by other laws of this state, shall deposit with the superintendent of Insurance for the benefit and security of all its policy holders, fifty thousand dollars in bonds of the United States or of the State of Ohio, or of a county, township, city or other municipality in this State, which shall not be received by the superintendent at a rate above their par value."

In construing the above provision, together with other sections of the Ohio Code (641, 642 and 643), the courts of Ohio have held consistently over a period of years that such a deposit is security for the claims of Ohio policyholders only, and that the Superintendent of Insurance of Ohio is the trustee of an express trust in which these policy-holders are beneficiaries as secured creditors, and such appears to be the interpretation given to the statute by the Supreme Court of Ohio. (*State ex rel. Van Schaick* v. *Bowen*, 131 Ohio St. 310.) In addition, the Superintendent of Insurance of New York concedes that, unlike the provisions designed to cover the same subject-matter in New York, which have been held to be for the benefit of all American creditors and not only those residing in New

York (L. 1909, ch. 33; Insurance Law, § 13; cf. § 27; *Matter of People* [*Norske Lloyd Ins. Co.*], 242 N. Y. 148), the Ohio fund is for the benefit of Ohio policyholder creditors only. Moreover this particular Ohio fund in question apparently has been distributed under judicial sanction upon that basis. The Ohio viewpoint, that such a fund is a trust fund for the protection of Ohio policyholders only, and that the beneficiaries are secured creditors, has been the general view of deposits made under similarly worded statutes. (*Blake* v. *McClung*, 172 U. S. 239, 257; *People* v. *Granite State Provident Assn.*, 161 N. Y. 492, 496, 497; *Matter of People* [*Norske Lloyd Ins. Co.*], 249 N. Y. 139, 149; *Bank Commissioners* v. *Granite State Provident Assn.*, 70 N. H. 557.) Under the law of Ohio this claimant was, therefore, a secured creditor, notwithstanding that the security was not in its possession but was held in trust for its benefit by the Ohio Superintendent of Insurance. It was a secured creditor as would be a bondholder where a trustee held collateral for his benefit and for the benefit of other bondholders. (*State ex rel. Haavind* v. *Crabbe*, 114 Ohio St. 504; *State ex rel. Van Schaick* v. *Bowen*, *supra; Western Assurance Co.* v. *Halliday*, 110 Fed. Rep. 259; affd., 126 Fed. Rep. 257.) The same principle has been applied in this State. (*People* v. *Granite State Provident Assn.*, 161 N. Y. 492.)

We are not now confronted with the problem of what the situation would have been if the State of Ohio had attempted merely to give a preference to Ohio creditors in the assets of the insolvent company situated in Ohio, when there were no facts present as there are in the case at bar, making them secured creditors. (Cf. *Blake* v. *McClung*, *supra.*)

Coming into this State, therefore, as a secured creditor, there appears no reason why claimant should not be included within the statutory provision regarding secured creditors, which reads as follows: " No claim of any secured claimant shall be allowed at a sum greater than the difference between the value of the security and the amount for which the

claim is allowed, unless the claimant shall surrender his security to the superintendent in which event the claim shall be allowed in the full amount for which it is valued." (Insurance Law, art. XI, § 425, subd. 5.)

The above section merely restates the well-recognized " Bankruptcy Rule," by which secured creditors are allowed to prove the balance of their claims above the value of their security, as contrasted with the " Chancery Rule," by which secured creditors are allowed to prove their claims in full without regard to their security. (*Merrill* v. *National Bank of Jacksonville*, 173 U. S. 131.) There has thus been declared by statute that in a liquidation proceeding of an insolvent insurer in this State, the " Bankruptcy Rule " shall be followed. This court has also held that the equitable rule of equality among creditors of the same class does not operate to deprive a creditor who holds security, of his superior rights. (*Matter of People* [*Southern Surety Co.*], 266 N. Y. 589; *Matter of People* [*First Russian Ins. Co.*], 253 N. Y. 365.) In common with other secured creditors, therefore, the beneficiaries of such a trust may prove their claims for the difference between the original debt and the amount realized on the collateral. (*Bank Commissioners* v. *Granite State Provident Assn.*, *supra*, at pp. 560–562; 2 Beale on Conflict of Laws, §§ 264.2, 264.3, 264.4.)

Upon the appeal of the liquidator, therefore, the order of the Appellate Division should be affirmed.

The Appeal of Claimant. The Insurance Law, section 13, provides that insurance companies shall deposit securities with the Superintendent of Insurance, which " shall be held * * * for the protection of the policyholders of such domestic insurance corporation or insurer within the United States." It is clear from the language, and the Superintendent of Insurance apparently concedes, that this fund is not limited to New York policyholders but to policyholders anywhere within the United States. The section has been so construed. (*Matter of People* [*Norske Lloyd Ins. Co.*], 249 N. Y. 139.) Claimant, therefore, would seem to be entitled to participate in this fund were it not for the question of waiver.

The facts from which a waiver may be inferred are as follows:

1. Among the stipulated facts are the following:

" 10. * * * the New York Liquidator has paid a dividend to policyholder claimants of 3.2% out of a certain statutory deposit of the Southern Surety Company of New York held by the New York State Superintendent of Insurance, and a dividend of 7.3% out of the general assets to all non-policyholder claimants and policyholder claimants throughout the country, who have not received a dividend equal in amount to that paid by the New York Liquidator " (f. 107). * * *

" 12. Claimant herein objected to the liquidator's recommendation and requested that the liquidator pay to it a dividend of 7% which was paid by the liquidator out of the general assets as aforesaid, after first deducting from the amount of its claim herein a sum equal to 12.675% thereof. A copy of said objections is hereto annexed, made a part hereof and marked Claimant's Exhibit ' B ' " (f. 109).

The reference to 7% in paragraph 12 must mean that the claimant asserts its right to participate in the distribution of the general assets, for otherwise the figures would be meaningless, since the only relevant numbers in this case are 3.2%, 7.3% and 12.675%.

2. At the conclusion of claimant's objections to the recommendation of the liquidator relief was requested in the following terms: " *Wherefore*, said claimants ask that payment be made forthwith of a dividend in the amount of 7% of each respective claim after deducting from the amount of each claim as heretofore approved, a sum equal to 12.675% of such claim representing the dividend heretofore received in the proceedings in the State of Ohio as referred to above." Here, too, the reference to 7% must be taken to assert an interest in the general assets and not to the statutory fund.

3. Upon the argument before the referee counsel for claimant stated the following: " Our position is that this Ohio statute in fact constitutes the Ohio claimants who

qualify definitely as secured creditors, and we feel that it is therefore of interest to determine what the rule of law is with respect to the right of a secured creditor to participate in the distribution of the general assets of an insolvent." Thus, here again, no claim to the New York statutory fund is asserted.

4. Finally, it is asserted in the brief of the Superintendent of Insurance that upon the oral argument in the Appellate Division, counsel for claimant was asked whether it asserted a right to participate in the New York statutory fund, and the answer was " No." This would account for the reference in the opinion of the Appellate Division, which reads as follows: " In the liquidation proceedings in this State the Liquidator has paid a dividend to policy holder claimants of 3.2% out of a statutory deposit of the Southern Surety Company held by the Superintendent of Insurance of New York State (*in which apparently the Goodyear Company claims no interest*), and he has paid a further dividend of 7.3% out of the general assets   *   *   *." (256 App. Div. 237, 239.)

Thus it would appear that at every stage of the proceeding prior to the argument in this court, there was no dispute between the liquidator and the claimant as to the latter's right in regard to the New York statutory fund. To reverse the orders below upon the appeal of claimant would allow an objection in these proceedings raised for the first time, not only upon recourse to the courts but upon the appeal in this court.

The order appealed from should be affirmed, without costs.

RIPPEY, J. (dissenting). The Southern Surety Company of New York, organized and existing under the laws of the State of New York, was placed in liquidation by an order of the Supreme Court dated March 22, 1932, and the Superintendent of Insurance thereupon, pursuant to directions contained in such order, took possession of its assets and thereafter proceeded in the matter of its liquidation. The claimant, the Goodyear Tire & Rubber Co., Inc., and

its affiliates, the adjudication of whose claims is to follow the decision in this case, are residents of the State of Ohio. At the time of the entry of the order of liquidation, $50,000 of its assets, consisting of securities valued in that amount, was on deposit with the Superintendent of Insurance of the State of Ohio as a condition precedent to its doing business in that State as required by section 9510 of the Ohio General Code.

In an action brought by the Attorney-General of the State of Ohio in behalf of its Superintendent of Insurance against the Southern Surety Company of New York and another under the provisions of sections 641–643 of the General Code of Ohio, the claimant, being an Ohio resident policyholder, was paid 12.675% of the amount of its claim, whereupon it filed a claim with the New York liquidator for the difference of the face of its claim less the amount paid to it out of the deposit aforesaid with the Superintendent of Insurance of the State of Ohio. The New York liquidator recommended the allowance of the claim upon condition that no dividend be paid thereon unless and until all allowed policyholder claimants should have received dividends in an amount equal to 12.675% of their claims. Objections were filed to the recommendation of the liquidator in that respect and the claimant asserted that regardless of the dividend which it received upon its claim out of the deposit with the Superintendent of Insurance of the State of Ohio it was entitled in New York out of the general assets of the insolvent to a dividend equivalent in amount to that paid to other policyholder claimants. The objections were dismissed and the recommendation of the Superintendent of Insurance of the State of New York adopted and an order was made by Special Term accordingly. The Appellate Division reversed and sustained the objections and the New York liquidator has appealed to this court. The statutory deposit within the State of Ohio was made to enable the surety company to do business within that State. Construing the statutes of that State, the Ohio courts have held that the deposit will be there retained until all claims of

Ohio policyholders against the company shall first have been paid or extinguished (*State ex rel. Van Schaick* v. *Bowen*, 131 Ohio St. 310), that the deposit was a trust fund for the protection of Ohio policyholders only, and that, as to such fund, Ohio policyholders were secured creditors (*State ex rel. Turner* v. *Union Casualty Ins. Co.*, 8 Ohio App. 285).

It is conceded that the interpretation of the Ohio statute by the Ohio court is binding on the New York courts, but it is claimed by the liquidator that the Ohio statute and its construction are irrelevant to the distribution of assets of the insurance company located within the State of New York. With that assertion I am entirely in accord. It is stipulated that the New York liquidator was not a party to the suit of *State ex rel. Van Schaick* v. *Bowen* (*supra*), and that he did not appear therein. He, therefore, cannot be bound by the decision in that case (*Reynolds* v. *Stockton*, 140 U. S. 254). The courts of this State would recognize the decisions of another State, if at all, only on the basis of comity (*Huntington* v. *Attrill*, 146 U. S. 657, 669), and comity does not require us to give effect to the laws of Ohio where the effect thereof would be prejudicial to our own citizens or others who may have access to our courts to assert their claims (*Willitts* v. *Waite*, 25 N. Y. 577, 585, 586; *Matter of Waite*, 99 N. Y. 433, 448).

The pertinent Ohio law is not similar to ours, and to sustain the contention of the claimant would be to create a preference in its behalf. The assets subject to the order of distribution here have always been under the supervision and control of the Superintendent of Insurance of the State of New York and of our courts and within the jurisdiction of our courts. A statutory deposit is required by the laws of our State. Out of such deposit, the Superintendent of Insurance has distributed a dividend to policyholder claimants of 3.2%. Out of the general assets of the insolvent the Superintendent has paid a dividend of 7.3% to all non-policyholder claimants and to policyholder claimants throughout the country who have not received a dividend

equal in amount to that paid by the New York liquidator. The surety company is insolvent. Its assets are insufficient to pay the claims of its creditors in full. Under section 71 of the Insurance Law of this State (Cons. Laws, ch. 28) the securities deposited with the Superintendent of Insurance were held by him in trust for the benefit and protection of and as security for all policyholders of the corporation wherever located. " The ordinary rule of distribution of the assets of an insolvent is equality amongst creditors of the same class " (*Matter of People* [*Norske Lloyd Ins. Co.*], 242 N. Y. 148, 164). There is nothing in the statutes of our State to the contrary. Claimant has proved in the liquidation here as a general creditor. It is not a secured claimant within the sense of subdivision 5 of section 425 of the Insurance Law. The claimant has no property of the surety company in its possession nor does it have any mortgage or lien upon any property in the hands of the Superintendent of Insurance of the State of New York nor any specific lien or claim upon the fund in his hands for distribution. Our courts will not give it a preference simply because the laws and decisions of the State of Ohio have authorized a distribution to it upon its claim out of a special deposit made in that State to enable the surety company to do business there. Claimant has waived any interest in the statutory deposit of the surety company held by the Superintendent of Insurance of the State of New York.

The order of the Appellate Division should be reversed and the order of the Special Term reinstated and confirmed, with costs in this court and in the Appellate Division.

LEHMAN, HUBBS and LOUGHRAN, JJ., concur with FINCH, J.; RIPPEY, J., dissents in opinion in which CRANE, Ch. J., concurs; O'BRIEN, J., taking no part.

Order affirmed. (See 282 N. Y. 678.)